J-S78034-18

2019 PA Super 12

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN HILL | : | |
| | : | |
| Appellant | : | No. 712 EDA 2018 |

Appeal from the PCRA Order January 25, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009017-2012

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.: **FILED JANUARY 11, 2019**

Appellant, Shawn Hill, appeals *pro se* from the order entered in the Court

of Common Pleas of Philadelphia County dismissing his second petition filed

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. 9541-9546,

as untimely filed. We affirm.

In our review of Appellant's first PCRA appeal, we set forth the following

pertinent facts and procedural history.[1]

> In April 2014, following a bench trial, Appellant was convicted of
> murder in the first degree, two counts of attempted murder,
> conspiracy, two counts of aggravated assault, two counts of
> Possession of a Firearm by Prohibited Person, Firearms not to be
> Carried Without a License, Carrying Firearms on a Public Street in
> Philadelphia, three counts of Recklessly Endangering Another

---

[1] Of note, we include reference to the particular claims Appellant raised in his
direct appeal, first PCRA petition, and PCRA appeal, respectively, as they
provide insight into whether Appellant presently raises previously litigated
and/or waived issues.

---

\* Former Justice specially assigned to the Superior Court.

Person ("REAP"), and Possession of an Instrument of Crime ("PIC").

Appellant was subsequently sentenced to life imprisonment for first-degree murder, followed by consecutive sentences of ten to twenty years for each count of attempted murder. Appellant was sentenced to ten to twenty years for conspiracy, four to eight years for Possession of Firearm by a Prohibited Person, three to six years for Firearms Not to be Carried Without a License, and six to twelve months for REAP to run concurrently with his sentence for attempted murder.

Appellant timely appealed the judgment of sentence. He challenged the sufficiency and the weight of the evidence and asserted that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963). Appellant contended that the Commonwealth violated **Brady** by suppressing bullet fragments removed from the victim's body. **See** Appellant's 1925(b) Statement, 5/28/14. This Court affirmed the judgment of sentence on direct appeal. Regarding his **Brady** claim, this Court concluded that Appellant failed to prove that the Commonwealth suppressed evidence, or that the purported missing evidence was prejudicial. **See Commonwealth v. Hill**, 122 A.3d 1133 (Pa. Super. 2015) (unpublished memorandum), **appeal denied**, 128 A.3d 1205 (2015).

On January 5, 2016, Appellant timely filed [his first] PCRA petition, and counsel was appointed. In his petition, Appellant claimed to have new evidence in support of his previously raised **Brady** claim, specifically, a statement from Albert Einstein Medical Center ("AEMC"), describing the hospital's policy of submitting all recovered projectiles to the Philadelphia Police Department.

In July 2016, counsel submitted a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In September 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. On September 29, 2016, Appellant responded to the court's Rule 907 notice, raising claims of ineffective assistance of PCRA counsel. **See** Appellant's Response to 907 Notice at 2–8. On the same day Appellant's 907 response was received, the court issued an opinion and order, dismissing Appellant's petition and granting appointed counsel's petition to withdraw.

- 2 -

Appellant then filed [a] timely [PCRA] appeal. The PCRA court did not direct Appellant's compliance with Pa.R.A.P. 1925(b). Appellant timely filed a brief with this Court. In June 2017, Appellant filed a Request for Permission to File Supplemental Arguments Based on New Case Law. In July 2017, this Court granted Appellant leave to file a supplemental brief.

Preliminarily, [this Court addressed] the issues Appellant purport[ed] to raise in his supplemental brief. Appellant's supplemental brief raise[d] the following claims:

I.   Whether PCRA counsel was ineffective for unreasonably narrowing its investigation to the Commonwealth's illegal suppression of vital ballistic evidence without investigation of lead detective (George Pirrone's) illegal withholding of evidence from the Commonwealth?

II.  Whether trial, appellate and PCRA counsel[']s performances deprived appellant of his right to meaningful review where counsel allowed the Commonwealth to fraudulently misrepresent a material fact regarding the Commonwealth's possession of Sakima Santos and Chasity Cannon's medical records prior to trial?

III. Whether PCRA counsel was deficient in his performance where he failed to ascertain evidence of detectives (James Pitts) conviction in a civil judgment/verdict, and (Ronald Dove's) guilty plea in a murder cover-up, both of which are crucial impeachable evidence surrounding Marcella Ingrum and Rory Hill's illegal arrests, extensive detention, and illegally coerced inculpatory [sic] statements used by the [c]ourt as definitive proof of [A]ppellant's guilty [sic]?

Appellant's Supplemental Brief at v.

[With respect to such supplemental claims, we determined Appellant did not preserve them] in his original brief to this Court. Further, this Court did not grant Appellant leave to raise new issues in his supplemental brief. Order, 7/7/17. As such, these issues [were] not properly before this Court, [we concluded], and we decline[d] to review them.

Turning to those issues properly preserved, Appellant raise[d] the following issues for our review:

I.  Whether the PCRA [c]ourt's final conclusion was deficient where it inexplicably quoted nearly verbatim its 1925(a) opinion issued on direct appeal without establishing independent evidentiary support for its denial of relief based on newly-discovered evidence?

II.  Whether the PCRA [c]ourt's adverse conclusion on its on [sic] court ordered DNA and fingerprint analysis – of which was stipulated as an undisputed fact—survives a question of law where an interjection of personal scientific theories post-trial circumvented the stipulation and diminished the materiality of [Appellant's] **Brady** claim?

III.  Whether the PCRA [c]ourt's conclusion on [Appellant's] **Brady** claim—now supported by newly discovered evidence—survives a question of law where the recent **Dennis**[4] decision qualifies the final conclusion reached in this case as being contrary to, and an unreasonable application of established Federal and State precedent governing the constitutionality of illegal suppression of exculpatory evidence, versus a determination centered around a sufficiency of evidence evaluation?

Appellant's Brief at vii.

***Commonwealth v. Hill***, No. 3534 EDA 2016, 2017 WL 5046335, at *1–3 (Pa. Super. filed Nov. 3, 2017).

This Court rejected Appellant's preserved claims purporting to identify after-discovered evidence substantiating his **Brady** claim, as the evidence was neither exculpatory nor materially different from the **Brady** claim rejected in his direct appeal. **Hill**, **supra** at *3-4. Consequently, we affirmed the order denying Appellant PCRA relief.

- 4 -

Less than 30 days later, on November 30, 2017, Appellant filed *pro se* the present PCRA petition, his second, asserting the existence of newly-discovered facts of police corruption in highly publicized, unrelated legal matters that would likely result in a different verdict if brought to light in his case. Appellant's Second PCRA Petition, filed 11/30/17. Specifically, Appellant centered his claim on both a 2016 civil judgment entered against Philadelphia Police Detectives George Pirrone and James Pitts for manufacturing evidence against a criminal defendant and an April 2017 guilty plea entered by Detective Ronald Dove for attempting to cover up a 2011 murder committed by his longtime love interest.

A presumption arises from such recent revelations, Appellant maintains in his petition, that the detectives, who investigated the murder and attempted murders with which Appellant was eventually charged, employed similar coercive and deceptive practices in handling ballistics evidence and obtaining statements from Appellant's mother and sister implicating him as the shooter:

> This PCRA action revolves around the convictions of Philadelphia Police Detectives for illegally withholding material evidence from the Philadelphia District Attorney's Office, lying to the D.A. Office and other authorities, maliciously prosecuting innocent persons, and illegally arresting innocent persons. The evidence is presumptive to petitioner's contention that the same illegal acts by these detectives were committed in the present case.
>
> …
>
> The new evidence submitted in [Appellant's] 2nd PCRA petition as Exhibits C and D are "confirmed convictions of key detectives who

- 5 -

played a vital role in the now questionable admissibility of statements made by [Appellant's] mother and sister under questionable coercive conditions – statements [the PCRA court] repeatedly rely on to deny [Appellant] relief. In addition, the recent confirmation at Exhibit-C attached to [Appellant's] 2nd petition lends relevance to [Appellant's] new clams of illegal suppression of material evidence by Lead Detective George Pirrone; Detective James Pitts is a coconspirator/codefendant of Pirrone in a similar-type-case with similar-type-issues. *See* 2nd PCRA Petition at Exhibit-A1. These convictions were discovered on October 31, 2017, and November 5, 2017, *via* newspaper articles.

Appellant's Second PCRA Petition, at 3.[2]

On December 18, 2017, the PCRA court issued its notice to dismiss pursuant to Pa.R.Crim.P. 907, after finding Appellant's petition untimely and, in the alternative, meritless. Appellant filed a response arguing that his facially untimely second petition qualified under Section 9545(b)(1)(ii)'s newly-discovered facts exception[3] to the PCRA's jurisdictional requirement

---

[2] Appellant's second petition offers in support of his claims exhibits consisting of, *inter alia*, newspaper articles and court decisions pertaining to other legal matters filed against the detectives in their professional capacities. They include: 4/21/16 article on civil judgments against George Pirrone and James Pitts for manufacturing evidence against a homicide defendant; 11/5/13 article regarding allegations of aggressive interrogation tactics by Detective Pitts; 11/5/17 article on settlement of malicious prosecution suit filed against City of Philadelphia by wrongfully convicted man who gave false confession while subject to Pitts' coercive interrogation; 1/10/13 article on Detective Dove's suspension and pending dismissal from the police force for improper investigatory conduct related to three murder cases; 1/23/15 article on criminal charges filed against Dove for his attempted cover-up of an alleged murder committed by his paramour; and 4/26/17 article on Dove's guilty plea to six counts of conspiracy and evidence tampering related to the attempted cover-up.

[3] *See infra.*

- 6 -

that a petition be filed within one year of the date on which judgment of sentence becomes final.

Moreover, to the extent the PCRA court concluded Appellant failed to meet the PCRA's requirement that a petitioner file a claimed exception within 60 days of the date the claim could have first been presented, *see* Section 9545(b)(2),  Appellant responded he met the 60-day rule by filing his second petition 27 days after the dismissal of his first petition.  *See* Appellant's Response to Rule 907 Notice (citing to *Commonwealth v. Lark*, 746 A.2d 585, 588 (2000) (holding subsequent PCRA petition may not be filed until resolution of review of present petition; if subsequent petition would be patently untimely by such time, petitioner must plead timeliness exception and file within 60 days of date previous petition was finally resolved)).  The PCRA court nevertheless dismissed Appellant's second petition as untimely. This timely appeal followed.

Appellant presents for our consideration numerous questions asking whether the PCRA court erroneously found a lack of Section 9545(b)(2) due diligence on his part, whether prior counsel ineffectively represented his various interests during trial and direct appeal, and whether PCRA counsel ineffectively failed to assail his judgment of sentence based on news reports and civil judgments concerning the homicide detectives' unlawful investigative practices.  *See* Appellant's *pro se* brief at viii, 24-25.

We review an order denying collateral relief under the PCRA to determine whether evidence of record supports the findings of the PCRA court

and whether its legal conclusions are free from error. ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id***. (quoting ***Commonwealth v. Roney***, 79 A.3d 595, 603 (Pa. 2013)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. There is no absolute right to an evidentiary hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Id***.

As a prefatory matter, we address the jurisdictional question of whether the news articles and civil judgment Appellant presents as "newly-discovered facts" gaining him an exception to what would otherwise be a jurisdictional bar to his untimely second petition are, in fact, newly-discovered as that term is properly understood. "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii)[4] of the PCRA, and (2) files a petition raising this exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

This Court has explained that Section 9545(b)(1)(ii), providing an exception for newly-discovered facts,

> "has two components that must be alleged and proved. Namely, the PCRA petitioner must establish that: 1) the facts upon which the claim is predicated were unknown to him and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection."

---

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

*Commonwealth v. Brown*, 111 A.3d 171, 176-177 (Pa. Super. 2015) (quoting *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original)).

Furthermore, "[our courts] have previously rejected attempts to circumvent the timeliness requirements of the PCRA by asserting prior counsel's ineffectiveness for failing timely to raise a claim." *Commonwealth v. Edmiston*, 65 A.3d 339, 349 (Pa. 2013); *see also Gamboa-Taylor*, 754 A.2d 780, 785 (Pa. 2000) ("Fact" that current counsel discovered prior PCRA counsel had failed to develop issue of trial counsel's ineffectiveness was not newly-discovered facts qualifying for exception to PCRA time limitations); *Commonwealth v. Pursell*, 749 A.2d 911, 915 (Pa. 2000) (holding that claims of PCRA counsel's ineffectiveness do not escape PCRA one-year time limitation merely because they are presented in terms of current counsel's discovery of "fact" that previous attorney was ineffective).

Our review of the record reveals the newspaper articles and court cases upon which Appellant now relies were matters of public knowledge and concern dating back to January of 2013, when Detective Dove's suspension and pending dismissal for attempting to cover-up a murder committed by his girlfriend made front-page news. By January of 2015, Philadelphia papers reported that formal criminal charges had been filed against Detective Dove.

These stories broke more than one year before Appellant filed his first PCRA petition in January of 2016. With Appellant's first PCRA challenge still in its early stages in April of 2016, newspapers reported that a highly

- 10 -

publicized civil suit against Detectives Pirrone and Pitts had gone to the jury, which found them civilly liable for manufacturing evidence to support the charging, arrest, and prosecution of the civil plaintiff in his prior criminal matter.[5]

At the time Appellant filed his first PCRA petition, he demonstrated his awareness of the longstanding reports and court cases by making the very same allegations of investigatory corruption against Detectives Pirrone, Pitts, and Dove that he makes now in his second PCRA petition. For example, just two weeks after filing his first PCRA petition, Appellant filed a *pro se* motion for transcripts and additional discovery asserting his "mother [Marcella Ingrum] was forced to identify him as a shooter when interrogated by Detective [James Pitts] who is well known throughout the criminal justice system for being overly aggressive when questioning witnesses and known for forcing the accused to admit to crimes they did not commit." Appellant's

---

[5] On appeal, the Commonwealth Court of Pennsylvania reversed the order of the Court of Common Pleas of Philadelphia County denying the detectives' motion for judgment notwithstanding the jury's verdict and remanded the matter with instructions that the trial court enter judgment in favor of the detectives/appellants. *See Alleyne v. Pirrone*, 180 A.3d 524 (Pa.Cmwlth. 2018). Specifically, the three-judge panel unanimously determined that civil liability could not lie on claims of malicious prosecution and false arrest where probable cause existed to support both the filing of criminal charges against criminal defendant Alleyne and his arrest in the underlying criminal case.

Nevertheless, the Commonwealth Court reached this determination despite acknowledging "serious holes and inconsistencies in the Police Department's investigation. While the improprieties by Appellants significantly hindered the criminal case against Alleyne, they did not rise to the level of preventing any reasonable person from believing Alleyne had committed a crime." *Id*. at 544.

Motion for Transcripts and Additional Discovery, 1/19/16, at 2. Also alleged in the same filing was "[o]n July 5, 2011, [Appellant's] sister [Rory Hill] also was forced to identify [Appellant] as the shooter when questioned by Detective [Ronald Dove] who himself is under indictment for illegally participating in the cover-up of a murder." *Id*.

On June 6, 2016, Appellant filed additional arguments in support of his petition for post-conviction relief, wherein he asserted ineffective assistance of prior counsel for allowing the Commonwealth to admit his mother's and sister's incriminating statements "given to two detectives who at the time [were] under investigation [either] for illegal tactics during investigations [or for] covering up murders?" Appellant's PCRA filing, 6/6/16, at 3, 4.

PCRA counsel acknowledged Appellant's claims in his *Turner*/*Finley* letter seeking permission to withdraw from representation:

> [Appellant's] seventh claim accuses prior counsel of failing to attack the reliability of the contents of the statements given to police by his mother and sister by alleging that the police who took those statements have been accused of using 'illegal tactics during investigations and covering up murders.' Present counsel's review of this issue failed to uncover any evidence establishing that the detectives who interviewed [Appellant's] mother and sister fabricated the contents of their statements or covered up evidence in the instant matter and [Appellant] has failed to present any. . . . Moreover, a review of the record herein shows that both [Appellant's] mother and sister testified that the statements were theirs albeit that they were not responsible for some of the contents of those statements. In conclusion, a meritorious claim cannot be raised with respect to this issue.

PCRA Counsel's Turner/Finley Letter of No Merit, 7/5/16, at 14.

- 12 -

Following the PCRA court's issuance of its Rule 907 Notice to Dismiss Appellant's first PCRA petition without a hearing, Appellant responded by alleging:

> [PCRA] counsel has also missed a significant opportunity to investigate and present an additional newly-discovered claim supporting Petitioner's **Brady** issue, *via* malicious misconduct by the lead detective in this case [George Pirrone] and his assisting detective [James Pitts]. . . . This federal decision handed down in April 2016, two months before PCRA counsel requested withdrawal, is significant and relevant evidence of Detectives Pirrone and Pitts['] illegal activities as argued in Appellant's PCRA Petition.
>
> …
>
> Pirrone's illegal activities are presented within [Appellant's] **Brady** claim, which accuses Pirrone of constructive possession of the bullets removed from Santos and Cannon *via* hospital protocol (PCRA Petition at Exhibit-A), and documented proof that 'two .380 shell casings were also illegally suppressed by Pirrone.'
>
> …
>
> [Appellant's] case is indistinguishable from the civil action ruled against Pirrone and Pitts – both detectives were found liable for malicious prosecution and false arrest when they 'purposefully downplayed or overlooked (suppressed) Internal Affairs files detailing the victim's [a fellow officer of the Philadelphia Police Department] previous stalking and harassing of the accused, because those files could have suggested their colleague was at fault for the accident.'

Appellant's Response to 907 Notice to Dismiss, filed 9/29/16, at 22-23. Appellant, therefore, asked the PCRA court to appoint new counsel who could file an amended petition raising these additional claims. The court, however, dismissed his petition and granted counsel's motion to withdraw.

- 13 -

In Appellant's *pro se* appeal from the order denying his first PCRA petition, he filed a "Brief for Appellant" raising three issues. Significantly, none of the briefed issues asserted ineffective assistance of PCRA and prior counsel for failing to contend the detectives' unlawful investigative methods necessarily undermined the reliability of ballistics and testimonial evidence against Appellant.

Subsequently, however, Appellant filed a "Request for Permission to File Supplemental Arguments Based on New Case Law[,]" which this Court granted. **Commonwealth v. Hill**, 3534 EDA 2016 at *2 (Pa.Super. Nov. 3, 2017). Appellant submitted a supplemental brief raising three additional issues asserting PCRA counsel's ineffectiveness both for failing to investigate Detective Pirrone's alleged withholding of ballistics evidence in the present case and for failing to ascertain Pirrone and Pitts' adverse civil judgment and Dove's guilty plea and use them to impeach the reliability of his mother's and sister's incriminating statements.

This Court, however, declined to review such claims, as Appellant neither sought nor received permission to include them in his supplemental brief. Therefore, we found the issues waived. **Id**.

Based on this record, we conclude the newspaper articles on Detective Dove's suspension and pending dismissal from the force and Detectives Pirrone's and Pitts' adverse civil judgment that underlie Appellant's present claims of PCRA counsel's ineffectiveness do not constitute "newly-discovered facts" that would qualify Appellant's *pro se* second petition for an exception to

the PCRA's jurisdictional time-bar. Appellant had discovered such "facts" before the filing and during the pendency of his first PCRA petition, and he presented them to the PCRA court in support of his first petition, albeit to no avail.

Critically, moreover, Appellant had the opportunity in his first PCRA appeal to present the alleged facts within an ineffective assistance of PCRA counsel claim that he had preserved by raising it in his *pro se* response to the PCRA court's Rule 907 notice. **See Commonwealth v. Smith**, 121 A.3d 1049, 1056 (Pa.Super. 2015) (recognizing petitioner preserves right to raise claim of ineffective assistance of PCRA counsel in appeal to Superior Court by first raising such claim in response to PCRA court's Rule 907 notice). Inexplicably, however, he failed to reassert the claim among the issues he properly briefed to this Court, such that we found it waived. **Id**. We cannot conclude, therefore, that the same facts now incorporated in Appellant's second PCRA petition constitute "newly-discovered facts" qualifying him for an exception to the PCRA time-bar.[6]

Finally, to the extent Appellant's many ineffectiveness claims may otherwise be read to assert that the ineffective assistance of prior counsel, alone, may save his otherwise untimely petition for review, such an argument is at odds with settled precedent. **See Gamboa-Taylor**, **supra** (holding

---

[6] As Appellant has not satisfied his burden under Section 9545(b)(1)(ii), we do not address whether the PCRA court erred in dismissing his petition under Section 9545(b)(2).

"conclusion that previous counsel was ineffective is not the type of [newly-discovered fact] encompassed by the exception [at Section 9545(b)(1)(ii)"). Accordingly, we discern no error with the PCRA court's conclusion that it was without jurisdiction to entertain Appellant's facially untimely second PCRA petition, although we rely upon different grounds in affirming its decision.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/19