J-S13021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL PAUL JACOBS :
:
Appellant : No. 1015 WDA 2018

Appeal from the PCRA Order Entered June 22, 2018
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0002122-2011

BEFORE: BENDER, P.J.E., OTT, J., and STRASSBURGER[*], J.

MEMORANDUM BY OTT, J.: **FILED MAY 30, 2019**

Michael Paul Jacobs appeals from the order entered on June 22, 2018, in the Court of Common Pleas of Westmoreland County, denying him relief on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 et seq. The PCRA court determined Jacobs' petition was untimely and none of the statutory timeliness exceptions applied. This timely appeal followed in which Jacobs argues the PCRA court incorrectly determined he was not entitled to relief under ***Commonwealth v. Muniz***, 164 A.3d 2289 (Pa. 2017). After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Briefly, Jacobs pled guilty to one count of statutory sexual assault and one count of unlawful contact with a minor.[1] The charges stemmed from an incident in which Jacobs, 18 years old at the time, engaged in sexual intercourse with a 13 year-old girl. On June 3, 2013, he was sentenced to a term of 18 to 36 months' incarceration. On February 7, 2014, Jacobs was determined to be a Sexually Violent Predator, and his sentence was re-imposed. Jacobs did not file a direct appeal. Accordingly, his sentence became final with the passing of the 30-day limit in which to file a direct appeal on March 10, 2014.[2] Jacobs, *pro se*, filed this PCRA petition on October 2, 2017. Counsel was appointed, who filed an amended petition on January 21, 2018. In that petition, Jacobs claimed he was entitled to application of the Pennsylvania Supreme Court decision of **Commonwealth v. Muniz**, **supra**, that held the retroactive application of SORNA provisions violated the *ex post facto* provisions of both the United States and Pennsylvania Constitutions. On April 6, 2018, a hearing was held and on June 22, 2018, the PCRA court issued an order denying Jacobs relief on the basis that no Pennsylvania Supreme Court case had determined that the **Muniz** decision itself was entitled to retroactive application. As such, **Muniz** could not provide the basis for a timeliness exception to the one-year rule for filing a PCRA petition. This timely appeal followed.

---

[1] 18 Pa.C.S. §§ 3122.1 and 6318(a), respectively.

[2] The thirtieth day was actually March 9, 2014, a Sunday. Therefore, Monday, March 10, 2014 was the official date on which Jacobs' sentence became final.

- 2 -

Our standard of review for an order denying a PCRA petitioner relief is well-settled:

> We review an order denying collateral relief under the PCRA to determine whether evidence of record supports the findings of the PCRA court and whether its legal conclusions are free from error. **Commonwealth v. Mitchell**, 629 Pa. 572, 105 A.3d 1257 (Pa. 2014). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Id**. (quoting **Commonwealth v. Roney**, 622 Pa. 1, 79 A.3d 595, 603 (Pa. 2013)).

**Commonwealth v. Hill**, 202 A.3d 792, 796 (Pa. Super. 2019).

Additionally,

> [t]he timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). "[T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition." **Commonwealth v. Laird**, --- A.3d ----, ----, 2018 PA Super 343, 2018 WL 6597352 *1 (filed December 17, 2018) (citing **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264 (2007)). In other words, Pennsylvania law makes clear **no court** has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157, 1161 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3).

**Commonwealth v. Ballance**, 203 A.3d 1027, 1031 (Pa. Super. 2019) (emphasis in original).

Here, the PCRA petition is facially untimely under the one-year rule. Accordingly, we must turn our attention to the three statutory timeliness exceptions found in the PCRA.

The three exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780, 783 (2000). The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim. *See* [*Commonwealth v.*] *Bennett*, 930 A.2d [1264] at 1267 [(Pa. 2007)].

*Commonwealth v. Greco*, 203 A.3d 1120, 1123-24 (Pa. Super. 2019).

As noted, Jacobs' sentence became final on March 10, 2014 and this PCRA petition was not filed until October 2, 2017, well past the one-year time limit for filing a PCRA petition. However, Jacobs' Appellant's Brief makes no argument regarding the application of § 9545(b)(1)(iii), regarding a newly recognized constitutional right, even though that is clearly the only possible

applicable exception. As Jacobs has not invoked any of the timeliness exceptions, we are without jurisdiction to address the merits of his claim. *See Commonwealth v. Ballance*, *supra*.

Even if Jacobs had attempted to invoke the application of § 9545(b)(a)(iii), his argument would fail. Our Court has specifically held that *Muniz* cannot be relied upon to meet the timeliness exception. *See Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), which reasoned:

> Appellant's reliance on *Muniz* cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). In *Commonwealth v. Abdul-Salaam*, 571 Pa. 219, 812 A.2d 497 (2002), our Supreme Court held that,
>
> > [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> *Id.* at 501.
>
> Here, we acknowledge that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's

- 5 -

> PCRA petition is untimely (unlike the petition at issue in **Rivera-Figueroa**), he must demonstrate that the **Pennsylvania Supreme Court** has held that Muniz applies retroactively in order to satisfy section 9545(b)(1)(iii). **See Abdul-Salaam**, **supra**. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on **Muniz** to meet that timeliness exception.

**Id.** at 405-06 (emphasis in original).

Because we agree with the PCRA court that this petition is untimely, we have no jurisdiction to entertain the merits of the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2019