J-S46044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FELIX D. GARCIA | : | |
| | : | |
| Appellant | : | No. 3437 EDA 2018 |

Appeal from the PCRA Order Entered October 25, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004050-2015

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED SEPTEMBER 30, 2019**

Appellant, Felix D. Garcia, appeals from the order of the Court of Common Pleas of Chester County (trial court) that denied his first petition filed under the Post Conviction Relief Act (PCRA).[1]  After careful review, we affirm.

This case arises out of a robbery of a Walgreens pharmacy in West Chester, Pennsylvania on September 9, 2015, in which the robber jumped over the pharmacy counter, threatened the pharmacist with harm unless she gave him the pharmacy's Oxycodone and Oxycontin pills, and stole 2,694 Oxycodone and Oxycontin pills.  Appellant was arrested for this crime on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

October 21, 2015 and was subsequently charged with robbery by threat of serious bodily injury, robbery in the commission of a first or second degree felony, robbery by threat of bodily injury, theft by unlawful taking, possession of a controlled substance, possession of a controlled substance with the intent to deliver (PWID), and possession of drug paraphernalia.[2]

At trial, the facts concerning the robbery were undisputed and the main issue was whether Appellant was the person who committed the robbery. The victim and the other Walgreens employee who saw the robber could not identify the robber and no drugs or other evidence relating to the robbery was found on Appellant or in his car or apartment when he was arrested six weeks after the robbery. The Commonwealth's primary evidence against Appellant consisted of surveillance videotapes of the robbery and of the robber in a nearby store just before the robbery, the latter of which showed the robber's face, and photographs of Appellant that showed the same facial hair and resembled the surveillance videotape images of the robber. A videotaped statement given by Appellant at the time of his arrest was also introduced in evidence. Appellant in that statement did not admit to the robbery and denied that the person in the surveillance images was him.

---

[2] 18 Pa.C.S. § 3701(a)(1)(ii), (iii), and (iv), 18 Pa.C.S. § 3921(a), and 35 P.S. §§ 780-113(a)(16), (30), and (32). The Commonwealth also charged Appellant with simple assault, 18 Pa.C.S. § 2701(a)(1), but withdrew that charge before trial.

Following a four-day jury trial, Appellant was convicted on December 16, 2016, of robbery by threat of serious bodily injury, robbery by threat of bodily injury, theft by unlawful taking, possession of a controlled substance, and possession of drug paraphernalia. The jury acquitted Appellant of the robbery in the commission of a first or second degree felony and PWID charges.

On March 13, 2017, the trial court sentenced Appellant to an aggregate term of three to seven years' imprisonment. Appellant filed a timely post-sentence motion seeking a judgment of acquittal or new trial, which the trial court denied on June 21, 2017. Appellant filed a timely direct appeal, but discontinued that appeal on August 28, 2017.

On April 26, 2018, Appellant timely filed the instant first PCRA petition, in which he asserted claims of ineffective assistance of counsel based on 1) trial counsel's failure to object to references by a police detective to debt as a motive for stealing drugs and paying off debt as an act that constitutes distribution of drugs and 2) trial counsel's withdrawal of a motion for a mistrial. On September 24, 2018, the trial court held an evidentiary hearing limited to the withdrawal of the motion for a mistrial, at which Appellant and trial counsel

testified. The trial court dismissed the PCRA petition on October 25, 2018.[3]

This timely appeal followed.

> Appellant raises the following two issues for our review:
>
> 1. Did the trial court err in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing on Appellant's ineffective assistance of counsel claim, that prior counsel's failure to object to testimony and evidence introduced by the Commonwealth when viewed under the totality of the circumstances constituted prosecutorial misconduct?
>
> 2. Did the trial court err in dismissing Appellant's PCRA Petition after an evidentiary hearing on the issue of ineffective of [*sic*] assistance of counsel as it relates to Appellant's claim that Appellant withdrew a motion for mistrial unknowingly, involuntarily, and unintelligently due to prior counsel's advice to [do] so, when such advice lacked any reasonable basis or reasonable strategy?

Appellant's Brief at 6. We conclude that the trial court correctly held that neither of the claims for relief in Appellant's PCRA petition had merit and that there were no disputed facts that required a hearing on the first claim asserted in Appellant's PCRA petition.

We review the denial of Appellant's PCRA petition to determine whether the record supports the trial court's findings and whether the court's decision is free of legal error. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa.

---

[3] The trial court ordered Appellant to file a concise statement of errors complained of on appeal and Appellant complied with this order. The judge who tried the case and ruled on the PCRA petition retired shortly after Appellant filed his concise statement, and the trial court's opinion, filed March 8, 2019, was authored by a different judge assigned to this matter after the dismissal of the PCRA petition.

- 4 -

2015); *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa. Super. 2018). We must view the findings of the trial court and the evidence of record in a light most favorable to the prevailing party, and the court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617.

To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the convicted defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interests; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Smith*, 181 A.3d at 1174-75; *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Smith*, 181 A.3d at 1175; *Michaud*, 70 A.3d at 867.

Appellant's first claim for relief was based on the contention that the references to debt to which trial counsel failed to object violated the trial court's pretrial rulings. That contention is contrary to the record. The trial court before trial excluded as unfairly prejudicial portions of Appellant's statement to police in which he admitted that he had approximately $1,000 in gambling debts that he had paid off in August 2015 and evidence that Appellant had maxed out on his credit card and owed $1,500 at the time of the September 9, 2015 robbery. N.T. Pretrial Conference, 12/12/16, at 8, 12-

20, 22-36. The references to Appellant's debt were redacted from the videotape of Appellant's statement and were not played to the jury and no evidence was introduced at trial or argument made to the jury that Appellant had any debts.

Rather, the only reference to debt in the videotaped statement consisted of the following:

> Det. DiBattista: …. So this is gonna be somebody robbed the pharmacy to make thousands and thousands of dollars sellin' whatever they took. And you're gonna be painted as this evil drug dealing robber. I don't see....
>
> Appellant: The....
>
> Det. DiBattista: Let me finish. I don't see that person sitting in front of me. **I see somebody who's trying to get his life back on track and made one stupid decision, probably to pay off a debt.** That's my take on it.
>
> Appellant: It's not me and, dude, my life is over. My life is over.

Commonwealth Ex. 48 at 13 (emphasis added). This statement did not assert that Appellant had a debt, only that paying off "a debt" was a possible motive for committing a drug robbery. Moreover, the jury was well aware that Detective DiBattista's statements in his questions to Appellant had no basis in fact. Detective DiBattista admitted in his testimony that he lied in his questions to Appellant and made things up that were contrary to the evidence to see what response he would get. N.T. Trial, 12/15/16, at 514, 532.

The only other reference to debt did not relate to Appellant at all. Instead, it was a response by Detective DiBattista in his testimony as an

- 6 -

expert witness, to a question about what types of acts can constitute delivery of drugs for the offense of PWID. This testimony consisted of the following:

> A. … Again, if someone has possession of a large amount of drugs or any drugs in general and they are telling me they don't use them, what else are you going to do with them? I guess it's also important to clarify, technically speaking, there doesn't necessarily need to be a hand to hand exchange of money for a drug deal to have occurred. It's something we run into a lot in West Chester with college kids where you have someone who knows where to get pills or cocaine or marijuana. And they think they are helping their friends out and just pass a little off. Technically, that's a drug deal.
>
> Q. So the term distribution, can that take on different meanings?
>
> A. Yes.
>
> Q. And **what are the various meanings to you as a narcotic officer for distribution?**
>
> A. Again, just that some forms of distribution are for financial gain. Some are in the case I just presented to you where people think they are helping friends out, **paying off debts**, paying bills, whatever the case may be.
>
> Q. And can distribution mean both hand to hand transactions and the sale of narcotics in bulk form?
>
> A. Certainly.

N.T. Trial, 12/15/16, at 525-26 (emphasis added). Because the references to debt did not violate the trial court's rulings, the underlying claim lacked merit and trial counsel's failure to object therefore did not constitute ineffective assistance of counsel.

Appellant also did not show prejudice from these isolated references to debt. To satisfy the prejudice element of an ineffective assistance of counsel

claim, the convicted defendant must show that there is a reasonable probability that, but for counsel's error, the outcome of the trial would have been different. **Mason**, 130 A.3d at 618; **Michaud**, 70 A.3d at 867.

Neither of the statements to which counsel failed to object suggested that Appellant had any debt. Although the jury requested and was permitted to see Appellant's videotaped statement during its deliberations, that does not show any likelihood that Detective DiBattista's single reference to debt impacted their verdict. The jury's requests showed that its focus was on the visual content in the statement. The jury during its deliberations also requested all photographs of the robber, all photographs of Appellant and the surveillance videotapes and was given the photographs and reshown the surveillance videotapes in addition to the videotaped statement. N.T. Trial, 12/16/16 at 797-99, 801-09. Indeed, the jury indicated, when it was reshown the videotaped statement and one of the surveillance videotapes, that the reason for its request was that two of the jurors had been unable to adequately see the videotapes when they were played at trial because of where they were seated. **Id.** at 803-05. Moreover, the jury's verdict demonstrates that it did not find that the robbery was committed because of a debt. If Appellant had intended to use the stolen drugs to pay off a debt, he would have had intent to deliver the drugs and would have been guilty of PWID. The jury, however, acquitted Appellant of PWID.

Appellant's contention that the court erred in failing to hold an evidentiary hearing on this issue likewise fails. A convicted defendant does not have an absolute right to an evidentiary hearing on a PCRA petition. *Commonwealth v. Hill*, 202 A.3d 792, 797 (Pa. Super. 2019); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). Where there are no genuine issues of material fact that must be resolved to rule on a PCRA claim, the court is not required to hold a hearing. *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019); *Jones*, 942 A.2d at 906. Here, there were no genuine issues of fact with respect to Appellant's claim that trial counsel was ineffective for failure to object to the two references to debt, as this claim was based solely on the record of the trial and pretrial conference. The trial court therefore did not err in limiting its hearing on the PCRA petition to Appellant's second claim and ruling on Appellant's first PCRA claim without an evidentiary hearing.

Appellant's second claim in his PCRA petition asserted that trial counsel's advice to withdraw a motion for a mistrial constituted ineffective assistance of counsel. Counsel had moved for a mistrial on the second day of trial when the prosecutor elicited testimony from a police detective that Appellant had refused to give the police the passcode for his cellphone. N.T. Trial, 12/14/16, at 412-14. The trial court took the motion for mistrial under advisement and recessed the trial. *Id.* at 414-16.

During the recess, trial counsel discussed the mistrial motion with Appellant. N.T. Trial, 12/14/16, at 417-18; N.T. PCRA Hearing at 9-12, 14-15, 27-30. Following the recess, trial counsel withdrew the motion for a mistrial and requested instead that the trial court give a cautionary instruction and admonish the prosecutor in front of the jury. N.T. Trial, 12/14/16, at 416-19. The trial court colloquied Appellant, and Appellant confirmed that he wanted to withdraw the motion for a mistrial and that he had sufficiently discussed the issue with counsel. *Id.* at 417-18. The trial court, in accordance with counsel's request, gave the following cautionary instructions and admonition to the prosecutor:

> And I want to caution you about one matter. And first of all, the question that was, the last two questions that were asked, I'm going to direct that they be, the responses be stricken. And you're not to consider the last couple questions by the officer. And I caution you that it's entirely up to a defendant in every criminal trial whether or not he wishes to supply the police with information or to testify. He has an absolute right founded on the Constitution to remain absolutely silent. He does not have, he or she does not have to do anything in response to anything. Our Constitution guarantees that right. You must not draw any inference of guilt from the fact that the defendant did not talk to police, talked to the police or not. You cannot draw any inference of guilt from those last few questions. Do you understand?
> And I want to reiterate to Ms. Morgan [the prosecutor], as an officer of this court, to please be cautious with regard to your further questioning of this detective.

*Id.* at 420.

At the PCRA hearing, both Appellant and trial counsel testified concerning their discussions of the mistrial motion before it was withdrawn and trial counsel testified concerning his reasons for recommending

- 10 -

withdrawal of the motion.  Trial counsel testified that he advised Appellant during the recess that if the mistrial motion were granted, Appellant would be retried before a different jury and that the composition of the existing jury was more favorable than a new jury was likely to be because the existing jury had three minority jurors and Chester County juries usually have fewer minority jurors.  N.T. PCRA Hearing at 28-29.  Trial counsel testified that he believed that it was better to proceed with the existing jury and a cautionary instruction because minority jurors would be more receptive to the defense's arguments that it is difficult to identify members of other races and ethnic groups, a new jury was therefore likely to be less favorable, and the case was going well.  *Id.* at 28-29, 37.  Appellant admitted that trial counsel advised him that the mistrial motion should be withdrawn because the existing jury was "probably the best, the best jury I could get" because it had three minority jurors.  *Id.* at 11-12, 17-18.

The undisputed evidence thus established that trial counsel's advice to withdraw the motion for mistrial was a strategic decision.  Where the trial counsel's conduct is an informed strategic choice that could be reasonably viewed at the time as advancing the defendant's interests, the requirement that counsel had no reasonable basis designed to effectuate his client's interests is absent and ineffective assistance of counsel cannot be shown, even if in hindsight trial counsel's strategy was not successful.  *Commonwealth v. Williams*, 141 A.3d 440, 463 (Pa. 2016); *Michaud*, 70 A.3d at 868.

Trial counsel's conclusion and advice that Appellant would be retried before a different jury if the motion was granted was plainly reasonable. The grant of a defendant's motion for mistrial does not bar a retrial unless the prosecutor's improper conduct constituted an intentional attempt to provoke a mistrial or there was prosecutorial misconduct so pervasive or egregious as to show an intent to prevent the defendant from receiving a fair trial. *Commonwealth v. Washington*, 198 A.3d 381, 387-88 (Pa. Super. 2018). No such intentional, egregious, or pervasive misconduct was shown here. Rather, the basis of the mistrial motion consisted of brief questioning on redirect examination that the prosecutor contended was permissible based on Appellant's cross-examination of the witness. N.T. Trial, 12/14/16, at 412-16. Such isolated improper reference to the defendant's silence does not rise to the level of intentional prosecutorial misconduct that precludes a retrial. *Commonwealth v. Lesko*, 719 A.2d 217, 227 (Pa. 1998); *Commonwealth v. Redel*, 484 A.2d 171, 176 (Pa. Super. 1984).

Because Appellant would be subject to trial before a new jury if a mistrial was granted, trial counsel's conclusion that it was better to proceed with a jury that was more likely to be favorable to Appellant's arguments and a cautionary instruction had a reasonable basis designed to advance Appellant's interests. The advice to withdraw the mistrial motion therefore cannot constitute ineffective assistance of counsel. *Commonwealth v. Ogrod*, 839 A.2d 294, 324-25 (Pa. 2003); *Michaud*, 70 A.3d at 868.

Appellant testified that trial counsel told him that he would have to pay additional attorney fees for the retrial, N.T. PCRA Hearing at 10-12, and argues that his consent to withdraw the motion for a mistrial was therefore not knowing, voluntary, and intelligent. Trial counsel, however, testified that no such discussion of attorney fees occurred and that Appellant would not have been charged additional attorney fees for a retrial if a mistrial had been granted. *Id.* at 30-31, 35-37. In addition, the Commonwealth introduced evidence that Appellant had previously been advised that an attorney would be appointed to represent him without charge if he could not afford an attorney. *Id.* at 24-25.

The trial court found trial counsel's testimony credible and rejected as incredible Appellant's testimony that he was told that he would have to pay additional attorney fees for a retrial. Trial Court Order, 10/25/18; Trial Court Opinion at 30-31. The court further found that Appellant was aware that counsel would be provided at a retrial at no cost if he could not afford to hire an attorney. Trial Court Order, 10/25/18; Trial Court Opinion at 31-32. This Court is bound by those credibility determinations. *Smith*, 181 A.3d at 1181; *Commonwealth v. Stewart*, 84 A.3d 701, 708 (Pa. Super. 2013). Appellant therefore did not show that his agreement to withdraw the motion for a mistrial was unknowing, involuntary or unintelligent.

For the foregoing reasons, we conclude that Appellant did not show any ineffective assistance of counsel by his trial counsel or error by the trial court

in limiting the hearing or dismissing the PCRA petition. Accordingly, we affirm the trial court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/19