J-S23040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM SIMMONS | : | |
| | : | |
| Appellant | : | No. 1741 EDA 2020 |

Appeal from the PCRA Order Entered September 4, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001991-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM SIMMONS | : | |
| | : | |
| Appellant | : | No. 1742 EDA 2020 |

Appeal from the PCRA Order Entered September 4, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002013-2019

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 08, 2021**

In these consolidated appeals, Appellant, William Simmons, appeals

from the order of the Court of Common Pleas of Philadelphia County that

---

[*] Retired Senior Judge assigned to the Superior Court.

dismissed his petition filed under the Post Conviction Relief Act (PCRA)[1] without a hearing. We affirm.

The PCRA Court set forth the following factual history of this matter:

> At 6:19 a.m. on December 6, 2018, [John Morley], an employee at Cookies Tavern at 1000 Oregon Avenue in Philadelphia, was preparing to open the establishment when Appellant entered through the side door. Appellant pointed a black revolver-style handgun at [Morley] and demanded money. [Morley] handed over three hundred (300) dollars from the register and three hundred (300) dollars from his own pants pocket. Appellant then fled. On January 4, 2019, at approximately 10 a.m., [Morley] was inside the [t]avern with [Thomas Johnson] when Appellant tried to gain entry to the [t]avern. [Morley and Johnson (collectively "Victims")], held the door and prevented Appellant's entry. [Johnson] then exited out the back door where he was approached by Appellant. Appellant then brandished a black revolver-style handgun and took forty (40) dollars from Johnson. [Victims] called the police and Appellant was apprehended at 2100 S. 7th Street. The police brought Appellant back to the [t]avern, where he was identified by both [Victims].

PCRA Court Opinion, 1/28/2020, at 3 (party designation modified).

On August 12, 2019, Appellant entered an open guilty plea to two counts each of robbery, carrying a firearm without a license, and carrying a firearm in public.[2] The Commonwealth *nolle prossed* two counts each of theft, receiving stolen property, possession of an instrument of crime, simple assault, and recklessly endangering another person and one count of

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 3701(a)(1)(ii), 6106(a)(1), and 6108, respectively.

possession of a controlled substance.[3] On November 8, 2019, Appellant was sentenced to three to six years of incarceration on each robbery and carrying a firearm without a license conviction, set to run concurrently. Appellant was sentenced to no further penalty for carrying firearms in public. He did not file a post-sentence motion or direct appeal.

Appellant *pro se* filed his first PCRA petition on March 2, 2020. Counsel was appointed and, on May 13, 2020, with leave of the PCRA Court, filed an amended PCRA petition claiming ineffective assistance of trial counsel for failing to file a motion for reconsideration of sentence. Amended PCRA Petition, 5/13/2020, at 3. On July 15, 2020, the Commonwealth filed a motion to dismiss. On July 29, 2020, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petition without a hearing. Appellant filed no response to the Rule 907 notice and, on September 4, 2020, the PCRA court entered an order dismissing Appellant's PCRA petition.

On September 10, 2020, Appellant filed this timely notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I. Whether trial counsel was ineffective for failing to file a motion for reconsideration of sentence?

---

[3] 18 Pa.C.S. §§ 3921(a), 3925(a), 907(a), 2701(a), 2705; and 35 P.S. § 780-113(a)(16), respectively.

II. Whether the PCRA court was in error in not granting an evidentiary hearing?

Appellant's Brief at 8 (unnecessary capitalization and lower court answers omitted) (reordered for ease of disposition).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." ***Commonwealth v. Medina***, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018)).

In his first claim, Appellant argues that trial counsel was ineffective for failing to file a motion for reconsideration of sentence. Appellant's Brief at 15. Appellant asserts that he requested his attorney file a motion for reconsideration of sentence because "the [trial] court did not give sufficient attention to Appellant's youth and immaturity at the time of his arrest" or "his lifelong struggle with ADHD and other diagnoses exacerbated by the ultimate abandonment he experienced from his own father." ***Id.*** at 15-16. Appellant argues his sentence was "harsh and unreasonable" as a result of the trial court not considering these mitigating factors. ***Id.*** at 16. He contends that he was prejudiced by counsel's failure because "a reasonable judge would have granted a reconsideration motion." ***Id.***

In assessing a claim of ineffective assistance under the PCRA, we begin our analysis with the presumption that counsel has rendered effective assistance. ***Commonwealth v. VanDivner***, 178 A.3d 108, 114 (Pa. 2018).

To overcome that presumption, the convicted defendant must establish each of the following three elements:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Id.*

When asserting that trial counsel is ineffective for failing to file a motion for reconsideration of sentence, the petitioner must prove actual prejudice. *Commonwealth v. Reaves*, 923 A.2d 1119, 1131-32 (Pa. 2007). To demonstrate prejudice, the petitioner must plead and prove that a motion for reconsideration of sentence, if filed, would have led to a "different and more favorable outcome[,]" namely, "if counsel's objection secured a reduction of his sentence." *Id.*

The PCRA court found that Appellant failed to demonstrate that a motion for reconsideration would have had arguable merit. PCRA Court Opinion, 1/28/2021, at 4. Moreover, the PCRA court determined that Appellant was not prejudiced by trial counsel's choice not to file a motion for reconsideration because, even if the trial court granted his motion, his sentence would not have been reduced. Contrary to Appellant's position that he should have received a shorter sentence, the PCRA court concluded that "Appellant's sentence was more than fair, as it was below the minimum guidelines." *Id.* at 5-6. The PCRA court also observed that Appellant was sentenced below the

Commonwealth's recommendation, and the trial court showed leniency by running each sentence concurrently. *Id.* at 5.

The record supports the PCRA court's conclusion that Appellant's underlying claim lacks arguable merit, and Appellant did not suffer prejudice as a result of counsel's decision not to file a motion for reconsideration of sentence. At Appellant's sentencing hearing, Appellant's counsel raised each of the mitigating factors Appellant avers the trial court failed to consider, and his mother testified to the same. *See* N.T., 11/8/2019, at 32, 37. Counsel asked the trial court to consider Appellant's age and that "social sciences... tell us that the brain of adolescents, particularly male adolescents, particularly those with mental health challenges, doesn't formally develop until well into their [twenties]." *Id.* at 32. Appellant's mother explained that Appellant suffers from ADHD and that "the loss of his dad... had [Appellant] spiral out of control." *Id.* at 37. The trial court concluded that Appellant "was entitled to some mitigation... because [of] his extenuating circumstances that his attorney spoke about." *Id.* at 44. Because the trial court considered the mitigating circumstances related to Appellant's age, mental health, and life experience, and took them into account when sentencing Appellant below the sentencing guidelines, Appellant has failed to show that he would have received a reduced sentence had his counsel filed a motion for reconsideration. Accordingly, Appellant's ineffective assistance of counsel claim fails because it

lacks arguable merit and he did not suffer prejudice by counsel's failure to file a motion.

In his second issue, Appellant contends that the PCRA court erred in failing to hold an evidentiary hearing. Appellant does not to point to any disputed facts he sought to prove in a hearing, and instead argues that "the PCRA court should have granted an evidentiary hearing to provide the forum to demonstrate such manifest injustice." Appellant's Brief at 14.

A convicted defendant does not have an absolute right to an evidentiary hearing on a PCRA petition. **Commonwealth v. Hill**, 202 A.3d 792, 797 (Pa. Super. 2019); **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). Where there are no genuine issues of material fact that must be resolved to rule on the claim set forth in a PCRA petition, the court is not required to hold a hearing. **Commonwealth v. Maddrey**, 205 A.3d 323, 328 (Pa. Super. 2019); **Jones**, 942 A.2d at 906.

The PCRA court assessed that "the only fact the Appellant averred as a basis for his petition is that he requested counsel to file a motion for reconsideration of sentence." PCRA Court Opinion, 1/28/2021, at 7 (unnecessary capitalization omitted). Based on its analysis of Appellant's ineffective assistance of counsel claim discussed *supra*, the PCRA court concluded that whether or not Appellant requested his counsel file a motion "is not material because its resolution would not affect the [PCRA c]ourt's disposition of his [p]etition." **Id.** at 7.

We agree with the PCRA court. Appellant has not shown that there was a genuine issue of material fact that entitled him to an evidentiary hearing. Therefore, no hearing was required. *See Johnson*, 179 A.3d at 1123; *Brown*, 134 A.3d at 1109.

For the foregoing reasons, we conclude that Appellant was not entitled to relief on his claim of ineffective assistance of counsel and that the PCRA court did not err in ruling on his petition without a hearing. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 9/8/2021*