J-S38041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARIF COPELAND, | : | |
| | : | |
| Appellant | : | No. 2892 EDA 2018 |

Appeal from the PCRA Order Entered September 21, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002593-2010

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 24, 2019**

Appellant, Sharif Copeland, appeals from the order of the Honorable Glenn B. Bronson, entered September 21, 2018, dismissing his first petition filed under the Post Conviction Relief Act (PCRA),[1] after a hearing.  We affirm.

On July 18, 2011, a jury convicted Appellant of murder of the third degree, carrying a firearm without a license, and possessing an instrument of crime (PIC).[2]  On September 30, 2011, the trial court imposed a sentence of 20 to 40 years' of incarceration for third degree murder, with concurrent terms of 2 to 4 years' incarceration for carrying a firearm without a license, and 1 to 2 years' incarceration for PIC.

_____

[1]  42 Pa.C.S. §§ 9541–9546.

[2] 18 P.A.C.S. §§ 2502(c), 6106(a)(1), and 907(a), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

At trial, the Commonwealth presented the testimony of Sean Griffith (Griffith), the victim's cousin and an eyewitness to the murder. Griffith gave a statement to Detectives that he saw Appellant shoot the victim. Griffith knew Appellant from school, as they both attended South Philly High School. N.T. 7/12/11 at 239. However, at trial, Griffith recanted his statement and testified that he didn't remember where he was on the night of the shooting, he did not know who shot and killed his cousin, and that Appellant did not shoot his cousin. *Id.* at 243, 291, 292. Griffith testified that the Detectives told him if he didn't tell them something then he was going to be there for a long time, so he just told them what they wanted to hear. *Id.* at 306. Griffith testified that he didn't remember Detectives Glenn and Pitts. *Id.* at 257. The Commonwealth introduced Griffith's statement, as substantive evidence. His statement, in pertinent part, is as follows:

> We [Sean Griffith and the victim Rashawn Woodson] stood on the corner of Norwood and McKean Street for about ten minutes, and Sharif walked up with his hood on and bumped into Rashawn. He threw his shoulder into Rashawn. Then Rashawn turned around and laughed at Sharif, then Sharif pulled out a gun from his waistband. Then Rashawn said "oh shit" and started running toward the middle of Norwood Street, and Sharif chased him and shot two times. Then I saw Rashawn fall on the sidewalk in front of 2012, and he was coughing up blood, and there was blood coming from his nose. I saw Sharif running towards 21st Street, and I called the cops on my cell phone. And then they came and picked up Rashawn and took him to the hospital.

N.T. 7/13/11 at 119-120. The Commonwealth also presented the testimony of Bijah Freeman. Ms. Freeman testified she was on her way to 2000 Norwood Street (the corner of Norwood & McKean Streets) to visit her boyfriend. *Id.*

at 70.  She testified that Appellant began talking to her and walking with her and they were walking together until 22nd and McKean Streets where she continued walking on McKean Street to Norwood Street and Appellant continued walking on 22nd Street.  *Id.* at 72.  Ms. Freeman testified that she knew Appellant from the neighborhood.  *Id.* at 73.  Ms. Freeman testified that she knocked on her boyfriend's door, and immediately heard gunshots from a couple houses down Norwood Street.  *Id.* at 78.  Ms. Freeman testified she saw Appellant running toward a gold car.  *Id.* at 80, 81.

The Commonwealth also presented Tiera Hinson, who had two children with the victim, and gave a statement to Detectives implicating Appellant.  At trial, Ms. Hinson also recanted her statement; she testified she didn't remember anything.  The Commonwealth introduced her statement to Detectives as substantive evidence.  In her statement, Ms. Hinson relayed that she was present on Norwood Street and was talking to the victim immediately before the shooting.  *Id.* at 215.  Ms. Hinson stated she knew Appellant from school.  *Id.*  Ms. Hinson stated she saw Appellant running away from the scene of the shooting immediately after hearing gunshots, he had his one hand down by his side as he was running.  *Id.*

The defense presented two character witnesses, Chandelle Jackson, Appellant's sister, and Yolanda Matthews, Appellant's mother.  Both testified that Appellant had a good reputation in his community.  *Id.* at 255, 257.

Appellant filed a timely direct appeal and this Court affirmed his judgment of sentence on November 20, 2012. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on May 15, 2013.

On December 17, 2013, Appellant filed his first, *pro se*, PCRA petition. On May 20, 2014, Barnaby Wittels, Esq. was appointed to represent Appellant. On October 17, 2017, October 31, 2017, and May 24, 2018, Attorney Wittels filed amended PCRA petitions. In his PCRA petition, Appellant raised the following issues, claiming trial counsel was ineffective:

> (a)    Trial counsel failed to investigate the case and failed to consult with his client with regard to witnesses. As a result, an alibi defense, which was available, was not presented. Had trial counsel done his job he would have called Jamal Graves, a barber, who would have testified that Petitioner was in his barber shop, getting a haircut, at the time of the murder. Mr. Graves' affidavit is attached hereto as Exhibit A. He also would have called Sean Griffin [sic]who was on the scene at the time and would have testified that he tried to tell the detectives who interviewed him that Petitioner was not the one who shot the victim and that he was not even present. He would further have testified and will testify at an evidentiary hearing that he was coerced into identifying Petitioner and that he identified Petitioner only after being repeatedly threatened with being charged with the murder itself.
>
> (b)    Trial counsel failed to challenge the coerced testimony of the juvenile witness, Bijah Freeman.[3]

---

[3] We note that Appellant abandoned his issue pertaining to Bijah Freeman at the evidentiary hearing.

- 4 -

Appellant's Second Amended PCRA Petition, 5/24/18, at 3 (unpaginated) (emphasis added). On September 21, 2018, the PCRA court held an evidentiary hearing on the issue of trial counsel's failure to call an alibi witness at trial. The PCRA court dismissed Appellant's claim regarding Sean Griffith without an evidentiary hearing. Following that hearing, on September 21, 2018, the PCRA court dismissed Appellant's PCRA petition. Upon an oral request from Attorney Wittles to withdraw from representing Appellant, the PCRA court permitted Attorney Wittles to withdraw and appointed James Berardinelli, Esq. to represent Appellant for this appeal.

On September 28, 2018, Appellant filed this timely appeal.[4] Appellant presents the following issue(s) for our review:

I. Did the lower court err in denying defendant's claims in his amended PCRA Petition relating to Sean Griffin [sic]without an evidentiary hearing where the coercion described by Griffin [sic] had not been testified to at trial and the Commonwealth conceded that an active investigation regarding the illicit behavior of Detective James Pitts had come to light since defendant's trial?

II. Did the lower court err in denying defendant's claims in his amended PCRA petition relating to the alibi testimony of Jamal Graves where Graves testimony was not available to the defense at time of trial and the testimony may clearly have affected the outcome?

_____

[4] PCRA court entered an order pursuant to Pa.R.A.P. 1925(b) and counsel filed a timely Pa.R.A.P. 1925(b) statement of matters complained of on appeal. On December 20, 2018, the PCRA court filed its Pa.R.A.P. 1925(a) opinion.

Appellant's Brief at 3 (answers omitted). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Root*, 179 A.3d 511, 515-16 (Pa. Super. 2018) (internal quotation marks omitted). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa. Super. 2012).

Appellant's claims on appeal concern after-discovered evidence and ineffective assistance of counsel. To prevail on an after-discovered evidence claim Appellant must demonstrate the new evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (citations omitted). All four of these requirements must be proved; if the defendant fails to establish any one of these, the after-discovered evidence claim fails. *Id.*

When reviewing a claim that a PCRA court erred by denying an appellant PCRA relief based upon ineffective assistance of counsel, we consider the following legal precepts:

> We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error. . . .
>
> Counsel is presumed to be effective.

> To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> A failure to satisfy any of the three prongs of this test requires rejection of a claim of ineffective assistance.

*Commonwealth v. Medina*, 209 A.3d 992, 996, 1000 (Pa. Super. 2019) (internal brackets, citations, and quotation marks omitted) (some additional formatting), *reargument denied* (July 17, 2019). We consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)).

> In the context of a post-conviction challenge to counsel's stewardship, prejudice is established where the truth-determining process was so undermined that no reliable adjudication of guilt or innocence could have taken place, i.e., there is a reasonable probability that, but for counsel's error, the outcome of the trial would have been different. This does not mean a different outcome would have been more likely than not; a reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. Still, a speculative or attenuated possibility of a different outcome is insufficient to undermine confidence in the outcome.

*Commonwealth v. Jones*, 210 A.3d 1014, 1018–19 (Pa. 2019) (internal citations and quotation marks omitted). *See Harrington v. Richter*, 562 U.S. 86, 112 ("The likelihood of a different result must be substantial, not just conceivable." (citation omitted)).

- 7 -

Appellant argues that counsel was ineffective for failing to elicit testimony from Sean Griffith that Detective Pitts coerced him into giving his statement by threatening to charge him with the murder. Appellant's brief at 9. Appellant claims that this omission was particularly egregious because the PCRA court conceded that one of the detectives who questioned Griffith, Detective Pitts, had been found to have engaged in a pattern of coercive behavior. *Id.* Appellant states that claims of after-discovered evidence may be considered in regard to claims of ineffective assistance of counsel relating to the adequacy of trial counsel's preparation. *Id.* at 8.

The PCRA court determined that any claim relating to Detective Pitts was not presented in Appellant's PCRA petition, nor was permission to amend his PCRA petition requested, therefore, the claim was waived. TCO at 6. "It is it is well-settled that claims raised outside of a court-authorized PCRA petition are subject to waiver regardless of whether the Commonwealth raises a timely and specific objection to them at the time they are raised." *Commonwealth v. Mason*, 130 A.3d 601, 627 (Pa. 2015) (internal citation omitted). As Appellant failed to include in his PCRA petition a claim of after-discovered evidence or ineffective assistance of counsel with regard to Detective Pitts, we agree with the PCRA court and find the claim waived.

Furthermore, even if Appellant had preserved a claim of after-discovered evidence in regard to Sean Griffith's affidavit, it would have no

merit. Appellant attached an affidavit to his PCRA petition from Sean Griffith stating, in relevant part:

> [O]ne of the detective's [sic] threaten [sic] me by saying "if you don't tell me who shot Woodson you will be charged with his death." [The detectives told me] "either you shot Woodson or your friend Copland did, either way we got you." After an hour or more with repeated threats of me being charged with Murder I gave in and just started agreeing with what ever [sic] the Detective's [sic] were saying, just so I would not be charged with Murder.

Affidavit Sean Griffith, ¶ 12-14. The affidavit does not mention Detective Pitts. At trial Griffith testified that "I did tell them [the detectives] what they wanted to hear so they can let me go home," and "[h]e told me if I don't tell them something, then I was going to be there for a long time, and I wasn't trying to be there, so I just told them." N.T. 7/12/11, 305-306. Additionally, on recross-examination by Appellant's trial counsel, Griffith testified that the detectives told him what they thought happened and based on that, he started telling them the story. N.T. 7/12/11, 308. We agree with the PCRA court, even if the jury heard Griffith testify that Detective Pitts threatened to charge him with the murder, the outcome of the trial would not likely be different as Griffith had already testified at Appellant's trial that he was coerced into giving the statement. Therefore, Appellant's after-discovered evidence claim would fail with regard to Sean Griffith's affidavit. *See Small*, 189 A.3d at 972.

With respect to Appellant's argument that trial counsel was ineffective for failing to elicit testimony from Sean Griffith that Detective Pitts coerced him into giving his statement implicating Appellant, we likewise find that the

claim would fail, as Appellant cannot prove prejudice. The jury heard Griffith's trial testimony recanting his statement. The degree of detail Griffith gave to the jury for his purported lies in the original statement is irrelevant. The jury chose to credit his original statement, which they are freely permitted to do. A prior inconsistent statement is admissible as substantive evidence even when the witness repudiates the prior statement during his testimony at trial. *See Commonwealth v. Brown*, 52 A.3d 1139, 1169-71 (Pa. 2012). As long as the Commonwealth proves that the statement was signed by the witness and adopted at some time prior to trial, it is covered by a hearsay exception. *Id*.; *See also Commonwealth v. Brown*, 134 A.3d 1097, 1104 (Pa. Super. 2016) (although witnesses recanted at trial, the jury was free to credit the witnesses' prior inconsistent statements over their recantations.). Given that the jury already heard Griffith's testimony that his statement was false because he was coerced by the Detectives, additional testimony that his statement was false because he was coerced by Detective Pitts by threatening to charge him with the murder would not lead to a "reasonable probability that, but for counsel's error, the outcome of the trial would have been different." *See Jones*, 210 A.3d at 1018-19. Accordingly, Appellant cannot show prejudice and his ineffective assistance of counsel claim fails. *Id.*; *See Medina*, 209 A.3d at 996, 1000 (A failure to satisfy any of the three prongs of [the ineffective assistance of counsel] test requires rejection of a claim of ineffective assistance.).

Lastly, even if Appellant had preserved the claim that he is entitled to a new trial because trial counsel was ineffective for failing to uncover evidence concerning Detective Pitts' misconduct, this claim would fail because Appellant cannot show he was prejudiced. Any pattern of coercion that Detective Pitts engaged in at the time of the murder in 2009 and Appellant's trial in 2011 is purely speculative. *See Brown*, 134 A.3d at 1108 (in unsuccessful after-discovered evidence claim under the PCRA, appellant attempted to use a November 6, 2013 *Philadelphia Daily News* article that discussed three criminal cases where defendants claimed that Detective Pitts employed aggressive interrogation tactics to coerce them into giving false statements). Appellant cannot show that the likelihood of a different result at a new trial would be substantial based on counsel discovering a completely speculative pattern of coercion. *See Richter*, 562 U.S. at 112 ("The likelihood of a different result must be substantial, not just conceivable." (citation omitted)).

We find that the PCRA committed no error in denying Appellant's claim without an evidentiary hearing.

> There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (internal quotations omitted). An evidentiary hearing "is not meant to function as a

- 11 -

fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." ***Commonwealth v. Roney***, 79 A.3d 595, 605 (Pa. 2013) (citation omitted). There were no genuine issues of fact with respect to Appellant's claim of after-discovered evidence or ineffective assistance of counsel with regard to Detective Pitts because a claim was not preserved. Furthermore, the trial record established that the coercion issue was fully presented to the jury. The PCRA court did not err in denying this claim without an evidentiary hearing. ***See Maddrey***, 205 A.3d at 328.

In Appellant's next issue presented to this Court, he argues that the PCRA court erred in dismissing his claim that trial counsel was ineffective for failing to call Jamal Graves as an alibi witness.

> In establishing whether defense counsel was ineffective for failing to call witnesses, appellant must prove (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Treiber***, 121 A.3d 435, 463-64 (Pa. 2015) (citations omitted) (some formatting). However, the failure to call a witness "is not *per se* ineffective assistance of counsel, for such decision implicates matters of trial strategy. It is [the petitioner's] burden to demonstrate that trial counsel had no reasonable basis for declining to call [a particular person] as a witness." ***Commonwealth v. Hammond***, 953 A.2d 544, 558 (Pa. Super. 2008) (internal quotations omitted).

The PCRA court held an evidentiary hearing and trial counsel, Mr. Robert Gamburg, Esq., (Attorney Gamburg) testified. Attorney Gamburg testified that he did not recall Appellant providing him with any witnesses to call or investigate. N.T. 9/21/18 at 17, 19. Attorney Gamburg testified that if Appellant provided him with the name of an alibi witness, his common practice would be to send his investigator to go talk to them. *Id.* at 17, 19, 20. Upon reviewing the affidavit of Jamal Graves, Attorney Gamburg testified that if he received the information contained in the affidavit, he would have sent his investigator to speak to Graves. *Id.* at 22. Appellant also testified at the evidentiary hearing. Appellant testified that told Attorney Gamburg that he had an alibi witness, and that he was at the barbershop at the time of the murder. *Id.* at 71. The purported alibi witness, Jamal Graves, also testified. Mr. Graves testified that he is a barber and Appellant was in his barbershop on the date of the murder, October 1, 2009, from 5:30 p.m. until between 7:30 or 8:00 p.m. *Id.* at 33, 38, 49. Mr. Graves testified that his barbershop is approximately a ten minute walk from the location of the murder. *Id.* at 68. Mr. Graves testified that he told Appellant's family that Appellant was in his barbershop at the time of the murder, but nobody ever came to talk to him about it. *Id.* at 34-36. Mr. Graves testified that he found out that Appellant was charged with the murder the next day, October 2, 2009, at between 12:00 p.m. and 3:00 p.m. *Id.* at 59-60. Mr. Graves testified that he typically closes his shop at 6:00 p.m. *Id.* at 59.

The PCRA court found that Mr. Gamburg testified credibly that he was never told about the existence of this alibi witness. The PCRA court found the alibi witness and Appellant to be incredible. We will not disturb credibility findings of the PCRA court. "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Hill*, 202 A.3d 792, 797 (Pa. Super. 2019). As Appellant failed to prove that counsel knew of, or should have known of the existence of the alibi witness, this claim fails.

Additionally, the PCRA court determined that Mr. Graves's testimony did not actually establish an alibi for Appellant. The PCRA court determined that the record showed that the radio call for the murder came at approximately 7:59 p.m. on October 1, 2009. TCO at 9; N.T. 7/12/11, at 310. Appellant was arrested and charged with the murder on October 2, 2009 at 8:12 p.m. TCO at 9; N.T. 9/21/18 at 65-66. The record shows that Mr. Graves barbershop was as little as a ten minute walk from the scene of the murder, and from Mr. Graves' testimony Appellant could have left the barbershop as early as 7:30 p.m. TCO at 9, N.T. at 68, 33. We find that the PCRA court's determinations are supported by the record and it committed no error of law in dismissing Appellant's claim of ineffective assistance of trial counsel for failure to call Mr. Graves as an alibi witness.

For the foregoing reasons, the PCRA court therefore did not err in limiting its hearing on the PCRA petition to Appellant's claim concerning an alibi witness and dismissing both claims in Appellant's first PCRA petition.

Order affirmed.

Judge Ott joins the Memorandum.

Judge Dubow Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/19