J-S09022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DONYEA PHILLIPS | : | |
| Appellant | : | No. 815 EDA 2020 |

Appeal from the PCRA Order Entered January 31, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014513-2007

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:              **FILED:  MAY 21, 2021**

Donyea Phillips (Appellant) appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] (PCRA) petition.  The PCRA court found most of Appellant's claims time-barred, and one claim — based on a trial court finding, in an unrelated criminal matter, that Philadelphia Police Detective James Pitts used coercion to obtain a confession — met the newly-discovered evidence exception[2] but was ultimately meritless.  Appellant re-argues his voluminous PCRA claims to this Court.  We affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 42 Pa.C.S. § 9545(b)(1)(ii).

## I. Facts & Procedural History

At the plea hearing in the instant matter, the Commonwealth recited the following factual summary. On November 13, 2007, when Appellant was 16 years old, twelve uniformed police officers attempted to serve a search warrant at a property, after a confidential informant purchased crack cocaine there earlier that day. N.T. Change of Plea, 7/2/08, at 20-23, 25. Appellant had "just finished making a crack [cocaine] sale out of the window." *Id.* at 22. Appellant's cousin, Troy Zimmerman, was in the same room. *Id.* at 22, 25. One police sergeant announced "police," knocked on the door, and waited 20 to 30 seconds with no response, and another officer used a ram to breach the door. *Id.* at 23-24. Appellant fired multiple gunshots, striking two officers. *Id.* at 24. Appellant then "spoke with his mother on the phone, admitting to her that he had shot the officers." *Id.* Following negotiations with SWAT officers, Appellant and Zimmerman surrendered. *Id.*

The PCRA court summarized:

> The search warrant for the property was later executed. and 14.68 grams of crack cocaine and a variety of material related to the sale of crack cocaine were recovered from the room in which [Appellant] and Mr. Zimmerman were selling drugs, and from which [Appellant] fired his gun at the police officers. [$199 was] recovered from [Appellant], including [$20] of prerecorded buy money used by the confidential informant to purchase narcotics earlier that afternoon.

PCRA Ct. Op., 6/18/20, at 7-8 (citations to plea transcript omitted).

At the plea hearing, the Commonwealth further stated the following facts. At approximately 10:40 p.m. on the day of the shooting, Appellant,

- 2 -

along with his mother, Josette Phillips, met with Homicide Detective James Pitts and Timothy Scally. N.T. at 28. Appellant was advised of "the seven predicate [*Miranda*[3]] questions, and both he and his mother signed the *Miranda* form. *Id.* Appellant and his mother also signed a written statement, in which Appellant admitted to

> shooting, from what he knew, at least one police officer. [Appellant] did not know . . . who was, in fact, coming into the house. He admits shooting approximately eight times and that he bought the loaded gun from a guy named "Yea[." He] admits to selling drugs and said the police recovered $199 from him.

*Id.* at 28-30.

Appellant was charged with 70 counts, and his request to transfer this case to juvenile court was denied. *Commonwealth v. Phillips*, 2157 EDA 2014 (unpub. memo. at 2 & n.1) (Pa Super. Aug. 5, 2015) (PCRA appeal).

On July 2, 2008, Appellant pleaded guilty to two counts of attempted murder, 10 counts of recklessly endangering another person[4] (REAP), and one count each of possession of an instrument of crime (PIC), criminal trespass, possession of a firearm by juvenile, possession of a controlled substance, possession with intent to deliver a controlled substance (PWID),[5] and

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[4] 18 Pa.C.S. §§ 901(a), 2502, 2705.

[5] 18 Pa.C.S. §§ 907(a), 3503(a)(1)(ii), 6110.1(a); 35 P.S. § 780-113(a)(16), (30).

- 3 -

conspiracy[6] to commit PWID. At the plea hearing, Appellant generally agreed with the Commonwealth's summation of the drug sales and shootings, as well as the fact that his mother was present for the police interrogation and they both signed the written statement. N.T. at 28-29, 31. Appellant denied knowing, however, that the people coming into the property were police officers. *Id.* at 31.

On October 14, 2008, the trial court imposed an aggregate sentence of 25 to 50 years' imprisonment.[7] Appellant's post-sentence motions were denied, and he timely appealed. This Court affirmed the judgment of sentence on April 12, 2010, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on January 20, 2011. **Commonwealth v. Phillips**, 3531 EDA 2008 (unpub. memo. at 1) (Pa Super. Apr. 12, 2010) (direct appeal), *appeal denied*, 232 EAL 2010 (Pa. Jan. 20, 2011).

Appellant filed a timely, first *pro se* PCRA petition on October 3, 2011, raising numerous claims of ineffective assistance of counsel. Pertinently, the

---

[6] 18 Pa.C,S. § 903(a)(1).

[7] The PCRA court summarized Zimmerman's criminal matter:

> At Docket No. CP-51-CR-14027-2007, Zimmerman pled guilty to one count each of . . . possessing a controlled substance[, PWID,] and criminal conspiracy to [commit PWID.] Zimmerman's aggregate sentence was 3½ to 7 years incarceration.

PCRA Ct. Op. at 15 n.7.

accompanying *pro se* memorandum of law also averred that Appellant was coerced by Detectives James Pitts and Timothy Scally to make a statement. Appellant's Memorandum of Law, 10/4/11, at 4q.[8]  Appellant claimed he "constantly asked for parent and lawyer, did not receive ***Miranda*** warnings, [and] was physically roughed up during his arrest[.]" ***Id.*** at 4m.  Appellant further alleged his mother did not sign the written police statement at 10:40 p.m. on the day of the shooting, but instead the next day.  ***Id.***

The PCRA court appointed counsel, who was permitted to withdraw following a ***Turner***/***Finley***[9] no-merit letter.  The PCRA court denied Appellant's petition without a hearing.  On appeal, this Court affirmed the denial order on August 5, 2015.  ***Phillips***, 2157 EDA 2014.

Appellant filed the underlying, second PCRA petition, *pro se*, on January 8, 2019.  The PCRA court aptly summarized:

> [Appellant] asserted that his petition was timely under the newly-discovered fact exception to the PCRA timeliness requirement. [Appellant] relied on a July 20, 2018, letter that Jerome Brown, Esquire sent to several individuals in various correctional institutions.  In the letter, Mr. Brown explained that Detective James Pitts was recently found to be not credible by Judge Teresa Sarmina and that, among other misconduct, "[c]ourt testimony reflected [Detective Pitts] has a pattern of abusing both defendants and witnesses by either physical or psychological abuse . . . ."  [Appellant] averred that he first learned this information from a fellow inmate named Francis Boyd on

---

[8] The first page of this memorandum is numbered "4b."

[9] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 5 -

December 9, 2018. [Appellant] further contended that the court ruling and Detective Pitts' past misconduct rendered his conviction "void."

On June 20, 2019, the Commonwealth filed a Motion to Dismiss [Appellant's] PCRA Petition. [T]he Commonwealth conceded that "[Appellant] arguably meets the new fact exception to the time-bar[," but] averred [the] claim that Detective Pitts' misconduct renders his conviction void was without merit because [Appellant] knowingly and voluntarily entered into a guilty plea before the Court.

The next day, June 21 2019, Todd Mosser, Esquire, entered his appearance on behalf of [Appellant]. Thereafter, Mr. Mosser filed a motion to withdraw as counsel.[FN]

_____

[FN] Mr. Mosser represented the defendant in the case in front of Judge Sarmina that led to the findings about Detective Pitts' misconduct in other cases. He briefly entered his appearance as retained counsel for [Appellant], but moved to withdraw shortly thereafter for reasons he declined to share with the Court. [Appellant] was not entitled to court-appointed counsel for the PCRA petition here at issue since it was not his first PCRA petition. *See* Pa.R.Crim.P. 904.

_____

After considering all of the filings and the record in the case, the Court agreed with the Commonwealth that although [Appellant's] claim met the newly-discovered fact exception to the PCRA timeliness requirement, his claim was without merit. On August 23, 2019, the Court issued a [Pa.R.Crim.P.] 907 Notice of its intention to dismiss [Appellant's] petition without a hearing. The Court also granted Mr. Mosser's motion to withdraw as counsel.

On September 12, 2019, [Appellant] filed a [*pro se*] 907 Response[, raising] several additional claims[: (1)] Mr. Mosser . . . was ineffective for failing to file anything on his behalf and for "abandoning" him by withdrawing as counsel[; (2)] while Detective Pitts was interrogating [him, when he] was just 16 years old[,] Detective Pitts "abused" [him] "physically and psychologically[;" (3)] he "was alone [and] questioned for over 24 hours straight," not allowed to sleep or have food, and was "abused and hit over and over and ultimately was coerced into making a false confession to please [Detective] Pitts[;" (4)] "at

- 6 -

'every Stage' in the Court's proceedings . . . the Commonwealth gained favorable ruling[s]/judgments/decisions, because of these coerced statements[;" and (5)] his guilty plea counsel, [James Lammendola, Esquire,] was ineffective for failing to move to suppress his confession to Detective Pitts, which [Appellant] asserts was "illegally obtained" and "fabricated[.[10]]"

On October 4, 2019, [Appellant] filed another pleading entitled [ ]Motion for Leave to Supplement/Amend Petitioner's Objections to the Court's Notice to Dismiss and PCRA filed Pursuant to Rule 905 and 9545(b)(1)(ii). [Appellant] claimed that he had received from someone named Shabria Miller, after-discovered evidence in the form of an affidavit from [Appellant's] cousin and cooperating co-defendant Troy Zimmerman and a letter from [Appellant's] mother, Josette Phillips.

In his undated affidavit, Zimmerman averred that he had lied to the police when he told them that he witnessed [Appellant] firing a gun. Zimmerman also claimed that he was coerced into making this statement as the authorities had told him that if he did not cooperate, then he would spend the rest of his life in prison.

In [Appellant's] mother's affidavit . . . [FN] she claimed[: Appellant] never confessed to her about the shootings[;] she never made a statement to anyone[; and] the police did not have anyone's permission or consent to question [Appellant].

---

[FN] The last digit of the date on Ms. Phillips' affidavit is cut off, appearing as "August 23, 201." Therefore, the year of the signature is unknown to the Court.

---

In response[,] the Commonwealth averred that these two affidavits did not constitute newly-discovered facts for the

---

[10] Appellant's Rule 907 response raised yet another claim: that counsel for his first PCRA petition, Norman Scott, Esquire, was ineffective for "not preserving and investigating [Appellant's] claim of coercion that [Appellant] raised in his first P.C.R.A. filed in October of 2011." PCRA Ct. Op. at 4. However, Appellant does not raise this issue on appeal.

purposes of the exception to the PCRA timeliness requirement, and [thus was] untimely.

On January 31, 2020, the Court granted [Appellant's] motion to amend his 907 Response, denied his motion to amend his PCRA Petition because his new claims were time barred, and formally dismissed his PCRA Petition.

PCRA Ct. Op. at 2-5 (record citations omitted and paragraph breaks added).

Appellant filed a timely *pro se* notice of appeal and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

## II. Statement of Questions Involved

Appellant presents five issues on appeal:

[1.] Did the Commonwealth intentionally and knowingly utilize illegally obtained evidence(s) to prosecute [Appellant] (a juvenile) to gain favorable outcomes and adjudication? Did they know of, or should have known of any misconduct? (***See***: ***Comm. v Natividad***, 200 A.3d 11, 26 (Pa. 2018)[.]

[2.] Did the PCRA Court err in dismissing [the] PCRA Petition as being "without merit" when [Appellant] presented the court with "newly discovered facts" substantiating his claims that he was also abused physically and psychologically by Detective James Pitts in an unlawful interrogation of a juvenile? . . .

[3.] Is [Appellant] entitled to PCRA Relief based on "newly discovered evidence" establishing Detective James Pitts' reputation for habitually coercive conduct towards witnesses and suspects during custodial interrogations? (***See***: ***Comm. v Thorpe***, CP-51-CR-0011433-2008)[.]

[4.] Did [the] PCRA Court err in dismissing [Appellant's] PCRA without an evidentiary hearing where there exists "material facts in dispute" pertaining to Detective Pitts' coercive conductive as they relate to [Appellant's] case; to establish "chain of custody" of all evidence, statement etc. as it relates to Detective Pitt[s] and

- 8 -

to weigh and determine credibility and the overall impact said evidences had on [Appellant's] court proceedings?

[5.] Is [Appellant] entitled to PCRA relief based on instant PCRA counsel's ineffectiveness in failing to amend, file and respond on behalf of [Appellant] as he was retained to do, totally "abandoning" [Appellant] on appeal?

Appellant's Brief at VII.[11]

### III. *Brady* Claim

In Appellant's first issue — whether "the Commonwealth intentionally and knowingly utilize[d] illegally obtained evidence(s) to prosecute [Appellant] (a juvenile)" — he avers the Commonwealth violated **Brady**.[12] Appellant contends that where Judge Sarmina "uncovered" Detective Pitts coercive tactics "from the time period of 2007-2013," and Appellant was interrogated by Detective Pitts in 2013, the Commonwealth "had the responsibility of knowing and disclosing evidence of Detective Pitts' . . . misconduct." *Id.* at 24. We conclude this issue is waived because Appellant's underlying PCRA petition and Rule 907 responses did not raise any **Brady**

---

[11] We have reordered Appellant's issues for ease of review.

[12] **Brady v. Maryland**, 373 U.S. 83. **Natividad**, cited by Appellant, explained:

> Due process is offended when the prosecution withholds evidence favorable to the accused where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. **Brady**, 373 U.S. at 87.

**See Natividad**, 200 A.3d at 25-26; Appellant's Brief at 23.

claim. *See Commonwealth v. Bedell*, 954 A.2d 1209, 1216 (Pa. Super. 2008) (claims not raised before PCRA court are waived and cannot be raised for first time on appeal).

## IV. Chain of Custody Claim

Next, we note part of Appellant's third issue refers to a "chain of custody." Appellant's Brief at VII. Appellant does not provide any argument or legal authority pertaining to any chain of custody. Thus, this discrete claim is waived. *See* Pa.R.A.P. 2119(a); *Commonwealth v. Plante*, 914 A.2d 916, 924 (Pa. Super. 2006) (failure to develop argument with citation to and analysis of relevant authority waives issue on review).

## V. Newly Discovered Fact Timeliness Exception

We next address together Appellant's first three claims, in which he argues he is entitled to PCRA relief under Subsection 9545(b)(1)(ii) (newly-discovered evidence) and Subsection 9543(a)(2)(vi) (after discovered evidence). Appellant maintains "he is actually innocent" and the PCRA court erred not conducting an evidentiary hearing. Appellant's Brief at 1. In support, Appellant contends the following: during his police interrogation, Detective Pitts slapped and punched him, threatened his and his family's lives, and denied him food, drink, sleep, and a restroom. *Id.* at 2, 9. For more than 24 hours, Appellant was also deprived of an attorney and a legal guardian or "Interested Adult." *Id.* at 2. Appellant's mother was not in fact with him during the interrogation, as evidenced by the written police statement, which

stated, "Do you understand that your mother, Josette Phillips, is here at homicide sitting outside this room?," with the response, "Yes."[13] *Id.* at 11. Appellant did not waive his *Miranda* rights, his mother did not consent to the interrogation, and "the Commonwealth's evidence does not indicate when or how Detective Pitts acquired [his mother's] signature[.]"[14] *Id.* at 12, 13. Appellant emphasizes that because of Detective Pitts' abuse and coercion, Appellant confessed to crimes he did not commit. *Id.* at 9.

Appellant then cites, as newly discovered evidence, Judge Sarmina's finding, in the unrelated matter, *Commonwealth v. Thorpe*, CP-51-CR-0011433-2008, that Detective Pitts was not credible "because of his physical and psychological abuse of witnesses and suspects . . . fabrication of evidence, [and] habitual police misconduct and coercion." Appellant's Brief at 1-2. Appellant asserts the following:  he could not have obtained Judge Sarmina's 2018 ruling "during his pre-trial and trial" proceedings. *Id.* at 3. Judge Sarmina's ruling "is not merely cumulative nor corroborative evidence," and instead it "would have proved [Appellant] was another victim of Detective Pitts and would have established [his] actual innocence." Appellant's Brief at 3, 7.

_____

[13] Appellant raises additional myriad challenges to the recitation of facts presented at the plea hearing.

[14] Appellant also denies he called his mother and confessed to the shooting, and instead, this was "a fabrication that the detective inserted into the confession." Appellant's Brief at 15.

- 11 -

The "[n]ewly discovered evidence would likely compel a different verdict[,]" where Appellant's statement was "the only 'credible' evidence" against him, and "[t]he weight of [this] highly prejudicial and incriminating . . . statement . . . tainted [his] judicial proceedings and forced him into a plea that was unlawfully induced as it was not knowingly, voluntarily nor intelligently given." *Id.* at 2, 4, 7. "[I]f this coerced confession had been suppressed or purged, [A]ppellant would have proceeded to trial." *Id.* at 7.

Relatedly, Appellant claims his plea counsel, Attorney Lammendola, was ineffective for not raising, despite Appellant's request, any challenge to Detective Pitts' abuse and coercion. Appellant's Brief at 4, 17. Instead, Appellant contends, Attorney Lammendola "told [A]ppellant what to say in order to receive" a maximum 10-year sentence, and Appellant "went along . . . in hopes of gaining the court's leniency." *Id.* at 17. We conclude no relief is due on these myriad arguments.

We note the standard of review: "We review an order denying collateral relief under the PCRA to determine whether evidence of record supports the findings of the PCRA court and whether its legal conclusions are free from error." ***Commonwealth v. Hill***, 202 A.3d 792, 797 (Pa. Super. 2019).

We first consider whether Appellant's underlying PCRA petition, his second, was timely. This Court has explained:

"The PCRA's time restrictions are jurisdictional in nature. . . ."

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes

- 12 -

final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within [one year[15]] of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

*Hill*, 202 A.2d at 797-98.

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. . . . Additionally, the focus of this exception "is on the newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts."

[A]s an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. **See** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, inter alia, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). . . .

*       *       *

Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

---

[15] Section 9545(b)(2) was amended in 2018 to allow a petitioner one year to invoke a timeliness exception. This amendment applies to claims arising on or after December 24, 2017, and thus governs the instant petition. **See** Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (some citations omitted).

We adopt the following reasoning by the PCRA court:

[Appellant's] judgment of sentence became final on April 20, 2011, 90 days after the Pennsylvania Supreme Court denied *allocator* [on January 20, 2011.] Therefore, [Appellant] had until April 20, 2012, to timely file a PCRA petition. As [Appellant] did not file [the underlying] petition until January 8, 2019, his petition is clearly untimely.

Accordingly, [Appellant] must plead and prove that one of the statutory exceptions to the timeliness requirements applies, and he must have filed his petition within one year of when the claim could have been presented.

***See*** PCRA Ct. Op. at 8-9. ***See also*** 42 Pa.C.S. § 9545(b)(1)-(3).

The PCRA court first found Appellant failed to allege any of the timeliness exceptions with respect to these claims: the Commonwealth's intentional and knowing use of illegally obtained evidence; and the ineffective assistance of guilty plea counsel, Attorney Lammendola. Thus, the court concluded, it lacked jurisdiction to consider them. PCRA Ct. Op. at 9-10. Appellant does not dispute the court's analysis, and we agree with the court. ***See Brown***, 111 A.3d at 176.

Next, the PCRA court found Zimmermans' and Appellant's mother's affidavits were not newly discovered evidence under Subsection 9545(b)(1)(ii). Whereas Appellant claimed he received the affidavits from Shabria Miller on October 1, 2019, the court pointed out Appellant failed to "explain who Miller is or how or when Miller came into possession of these

affidavits. In addition, [Appellant] makes no averments as to why he was unable to obtain this information earlier through the exercise of due diligence." PCRA Ct. Op. at 12-13; *see also Brown*, 111 A.3d at 176 (petitioner must demonstrate they did not know the facts and could not have learned those facts earlier by the exercise of due diligence). Furthermore, the court reasoned the alleged facts in Appellant's mother's affidavit were not unknown to him — Appellant would have known that he did not confess the shootings to her and that she was not present for the police statement. PCRA Ct. Op. at 11-12. On appeal, Appellant does not address or refute this analysis, and we agree with the PCRA court's ruling. *See Brown*, 111 A.3d at 176.

We next consider whether Judge Sarmina's ruling, about Detective Pitts, is newly discovered evidence for purposes of the Subsection 9545(b)(1)(ii) timeliness exception. On the one hand, Appellant cannot claim he was unaware of Detective Pitts' interrogation-coercion tactics. Appellant himself pointed out, in his objection to the Rule 907 notice, that his 2011 PCRA petition "raised [a] claim of coercion." Appellant's Objection to the Courts Rule 907 Notice of Intent to Dismiss, 9/12/19, at 7 (unpaginated). The 2011 petition specifically averred Appellant was "roughed up" by the detective, his requests for his mother and a lawyer were denied, and his statement was coerced. Appellant's Memorandum of Law at 4p.

However, the PCRA court found Detective Pitts' "history of misconduct" — against defendants other than Appellant — was a newly discovered fact:

> [I]n November of 2017, Judge Sarmina vacated a defendant's murder conviction . . . because she found that Detective Pitts fabricated evidence and provided prejudicial trial testimony.[ ] [Appellant's] pleadings demonstrate that **he did not discover and could not have discovered that Detective Pitts had a history of misconduct** until Boyd informed him of Mr. Brown's letter on December 9, 2018. [Appellant] also filed the instant petition within a year of discovering this fact. Accordingly, [Appellant's] claims pertaining to Judge Sarmina's ruling regarding Detective Pitts are timely under the newly-discovered facts exception to the timeliness requirement[.]

*See* PCRA Ct. Op. at 11 (emphasis added). Under our standard of review and the particular claims presented in this case, including the Commonwealth's agreement that Appellant has established the threshold question of timeliness, we do not disturb this finding. *See Hill*, 202 A.3d at 797.

Thus, like the PCRA court, we now consider the merits of Appellant's claim. *See Brown*, 111 A.3d at 176; PCRA Ct. Op. at 13. The court reasoned in pertinent part:

> Here, the record establishes that the proffered newly-discovered facts regarding Detective Pitts' history of misconduct would not entitle [Appellant] to a new trial, and therefore, he is not entitled to relief under the PCRA. First, the record indicates . . . Detective Timothy Scally was also present along with Detective Pitts when [Appellant] was interrogated and confessed to firing approximately 8 gunshots at two police officers. There is no allegation, anywhere in this record, of any misconduct on the part of Detective Scally.
>
> Moreover, [Appellant's] own mother was there as well. In addition, the statement not only indicates that [Appellant] waived

- 16 -

his rights pursuant to **Miranda** . . . before speaking with the detectives, but also shows that both [Appellant] and his mother signed the bottom of each page of the statement. Given that neither [Appellant] nor his mother[ ] in any way intimated that Detective Pitts acted improperly in this case at any time prior to the guilty plea and sentencing, it is inconceivable that the history of Detective Pitts' alleged misconduct in other unrelated cases, as allegedly revealed before Judge Sarmina, would have any relevance to the case at bar.

PCRA Ct. Op. at 14-15 (record citations omitted).

On appeal, Appellant overlooks that he pleaded guilty to the charges,[16] and that he is bound by the statements he made at the plea hearing, including his agreement with the Commonwealth's recitation of the facts. **See** PCRA Ct. Op. at 16, *citing* **Commonwealth v. Muhammad**, 794 A.2d 378, 384 (Pa. Super. 2002) (it is well-established that a defendant is bound by his statements made during a plea colloquy, and cannot assert claims that contradict those statements). Appellant specifically agreed that he met with Detectives Pitts and Scally with his mother, he waived his **Miranda** rights, and both he and his mother signed the **Miranda** form as well his written statement. N.T. at 28-29, 32. Appellant also agreed with the Commonwealth's summary that: Appellant and Zimmerman sold crack cocaine from the window of the property; Appellant was not eligible to possess or carry a firearm; when officers used a ram to breach the door, Appellant

---

[16] Indeed, Appellant mistakenly refers to "pre-trial and trial" proceedings. **See** Appellant's Brief at 3.

"picked up a gun from the under the mattress and fired multiple gunshots;" Appellant then "stayed in [the] property and spoke with his mother on the phone, admitting to her that he had shot the officers;" and Appellant and Zimmerman surrendered "after SWAT negotiators gave instructions and [Appellant] spoke to them by phone." *Id.* at 24-25. The only fact that Appellant contested was whether he knew the persons he was shooting at were police officers. *Id.* at 31.

Accordingly, Appellant's present claims, that his statement was improperly coerced by Detective Pitts and that his mother was not present for the interrogation and did not contemporaneously sign the forms, are belied by Appellant's declarations, under oath, at the plea hearing. *See* *Muhammad*, 794 A.2d at 384. We agree with the PCRA court's conclusion:

> [T]he evidence adduced at the guilty plea colloquy, including [Appellant's] own statements and conduct at the hearing, plainly establish that the findings in Judge Sarmina's unrelated case regarding Detective Pitts, would not likely compel a different result if [Appellant's] guilty plea were vacated and he was given a new trial. For that reason, he is not entitled to PCRA relief.
>
> Finally, there is no merit to [Appellant's] contention that he was entitled to an evidentiary hearing. Because the Court has accepted, as true, all of the proffered newly- discovered evidence regarding Detective Pitts, and the Court personally observed all of the evidence presented during [Appellant's] guilty plea colloquy and sentencing, an evidentiary hearing would have served no purpose.

*See* PCRA Ct. Op. at 17-18 (citations omitted). Accordingly, we do not disturb the denial of relief on Appellant's claims arising from Judge Sarmina's ruling respecting Detective Pitts.

## VI. Ineffective Assistance of PCRA Counsel

Appellant's final claim is that Attorney Mosser, who briefly represented Appellant for the underlying PCRA petition, "failed to file anything" and abandoned him." Appellant's Brief at 27 (capitalization removed).

We incorporate our above discussion, that his instant PCRA petition presented no grounds for relief. Appellant has thus failed to establish his underlying claim has arguable merit, and cannot show Attorney Mosser was ineffective. **See Commonwealth v. Cousar**, 154 A.3d 287, 296-97 (Pa. 2017) (in order to establish ineffectiveness of counsel, an appellant must prove "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different") (citation omitted).

## VII. Conclusion

As we conclude Appellant's claims do not merit relief, we affirm the order denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/21/21</u>