J-S36010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK T.T. WALKER | : | |
| | : | |
| Appellant | : | No. 182 EDA 2022 |

Appeal from the PCRA Order Entered December 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007470-2011,
CP-51-CR-0007471-2011, CP-51-CR-0007472-2011,
CP-51-CR-0007473-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK T.T. WALKER | : | |
| | : | |
| Appellant | : | No. 183 EDA 2022 |

Appeal from the PCRA Order Entered December 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007470-2011,
CP-51-CR-0007471-2011, CP-51-CR-0007472-2011,
CP-51-CR-0007473-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK T.T. WALKER | : | |
| | : | |
| Appellant | : | No. 184 EDA 2022 |

Appeal from the PCRA Order Entered December 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007470-2011,
CP-51-CR-0007471-2011, CP-51-CR-0007472-2011,
CP-51-CR-0007473-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DERRICK T.T. WALKER | : | |
| | : | |
| Appellant | : | No. 185 EDA 2022 |

Appeal from the PCRA Order Entered December 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007470-2011,
CP-51-CR-0007471-2011, CP-51-CR-0007472-2011,
CP-51-CR-0007473-2011

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 23, 2023**

Derrick T.T. Walker appeals from the orders denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA") in each of the above-captioned matters.  We affirm.

We glean the following background from the certified record.  On four separate occasions in May of 2011, Appellant drove up to unrelated girls between the ages of nine and eleven who were either walking to school or waiting for a bus.  In one instance, he attempted to pull a girl into his vehicle by her arm, but she escaped.  On the other three occasions, he asked the girls whether they had "hair on [their] pussy," but made no attempts to grab them

as they fled. Appellant was charged in separate cases pertaining to each of the four victims, and the cases proceeded to a consolidated jury trial in 2013.

At its conclusion, Appellant was convicted of four counts each of unlawful contact with a minor and corruption of minors, as well as one count each of luring a child into a motor vehicle or structure, unlawful restraint, and simple assault. The trial court sentenced him to an aggregate term of four to ten years in prison. This Court affirmed the judgment of sentence on direct appeal and our Supreme Court subsequently denied Appellant's petition for allowance of appeal. *See Commonwealth v. Walker*, 139 A.3d 225, 228-29 (Pa.Super. 2016) ("*Walker I*"), appeal denied, 158 A.3d 1243 (2016).

Appellant filed identical *pro se* PCRA petitions in each case on January 17, 2018. The PCRA court appointed counsel, who filed two amendments to the petitions. After the court issued notice of its intention to dismiss the petitions as meritless without a hearing pursuant to Pa.R.Crim.P. 907, Appellant submitted a *pro se* response, stating that counsel had not updated him as to the status of the case nor given him copies of the latest amendments. The court sent a copy of the amendments to Appellant, and he shortly thereafter filed a motion for new counsel. Without ruling on Appellant's motion, the court denied the PCRA petitions the same day Appellant filed yet another response to the Rule 907 notice, wherein he again asserted ineffectiveness of PCRA counsel.

Appellant *pro se* filed a timely appeal. After observing that counsel had not been given leave to withdraw, this Court remanded for a period of thirty

days "for a determination as to whether PCRA counsel had abandoned Appellant and further action as necessary to protect Appellant's appellate rights." ***Commonwealth v. Walker***, 241 A.3d 478, 2020 WL 6375390 at *3 (Pa.Super. 2020) (non-precedential decision) ("***Walker II***"). In response, the court permitted then-PCRA counsel to withdraw and appointed a new attorney for the appeal, who then filed a brief to this Court on Appellant's behalf. ***Id***. Satisfied that Appellant's appellate rights were protected, we proceeded to merits review, and subsequently vacated the orders denying the PCRA petitions due to Appellant's allegations of ineffectiveness of PCRA counsel. ***Id***. at *5. We further remanded the matter back to the court for additional proceedings, ordering that counsel do the following:

> (1) discern whether the instant PCRA petition is untimely and if any time-bar exception applies; (2) review Appellant's *pro se* allegations of PCRA counsel's ineffectiveness; (3) file supplemental briefing limited to these issues within a reasonable time frame; and (4) continue to represent Appellant for the duration of these PCRA proceedings.

***Id***.

While on remand, the PCRA court granted counsel's motion to withdraw and appointed yet another attorney for Appellant. This attorney filed a supplemental PCRA petition and memorandum of law at each docket number addressing, *inter alia*, ineffective assistance of trial, direct appeal, and initial

PCRA counsel.[1]  The court issued a detailed Rule 907 notice finding the claims meritless, and ultimately dismissed the petitions when Appellant did not respond.  Appellant filed a timely notice of appeal in all matters.  We consolidated the appeals *sua sponte*.

The record does not reveal that Appellant was ordered to comply with Pa.R.A.P. 1925, though the PCRA court issued a written opinion.  Appellant raises the following five issues on appeal:

I.    Whether the PCRA court erred by dismissing the PCRA petitions when clear and convincing evidence was presented to establish that trial counsel was ineffective for conceding facts without [A]ppellant's consent that essentially established his guilt; failing to object to the introduction of highly prejudicial evidence of prior bad acts; failing to investigate and interview witnesses[;] failing to move to sever cases[;] and failing to protect [A]ppellant's constitutional rights.

II.   Whether the PCRA court erred by dismissing the PCRA petitions when clear and convincing evidence was presented to establish that [direct appeal] counsel was ineffective for failing to challenge the sufficiency of the evidence, the denial of the motion for judgment of acquittal, and the denial of the Rule 600 motion.

---

[1] Counsel also dutifully argued, per the mandate of this Court, that the petitions were timely filed, and the PCRA court agreed.  **See** PCRA Court Opinion, 5/4/22, at 4-5.  Our independent review of the record confirms that Appellant filed numerous documents with the court that, although not titled as petitions pursuant to the PCRA, nonetheless asserted claims of ineffective assistance of counsel.  **See**, **e.g.**, Correspondence, 2/1/17 (identifying various claims and requesting information "to pursue my first PCRA").  Accordingly, we find that the underlying petitions were timely filed.  **See Commonwealth v. Fantuzzi**, 275 A.3d 986, 995 (Pa.Super. 2022) (holding that "regardless of how a filing is titled, a petition should be treated as filed under the PCRA if it is filed after the judgment of sentence becomes final and seeks relief provided under the PCRA" (cleaned up)).

III.   Whether the PCRA court erred by dismissing the PCRA petitions when clear and convincing evidence was presented to establish that initial PCRA counsel was ineffective for failing to include the meritorious issues raised in [A]ppellant's *pro se* petition; misapplied the factual and legal basis of [A]ppellant's claims against trial counsel; and raised meritless issues that lacked factual support in the trial record.

IV.    Whether the PCRA court erred by dismissing the PCRA petitions when clear and convincing evidence was presented to establish violations of [A]ppellant's constitutional rights under the United States and Pennsylvania Constitutions, including a conviction based on evidence that did not establish his guilt beyond a reasonable doubt, as well as his Sixth Amendment right to effective representation.

V.     Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's brief at 9.

We begin with the legal tenets pertinent to our review. "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1156 (Pa.Super. 2018) (cleaned up). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Thomas***, 270 A.3d 1221, 1226 (Pa.Super. 2022).

Collectively, Appellant's first three issues relate to ineffective assistance of trial, direct appeal, and initial PCRA counsel, respectively. Counsel is presumed to be effective and the petitioner bears the burden of proving otherwise. ***See Commonwealth v. Johnson***, 236 A.3d 63, 68 (Pa.Super. 2020) (*en banc*). To do so, he must establish the following three elements:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Id*. (citations omitted). Failure to prove any of the three elements will result in dismissal of the ineffectiveness claim. *Id*. (citation omitted).

With these principles in mind, we turn to the issues presented by Appellant. First, we address his claims of ineffectiveness against trial counsel. Appellant asserts three bases of deficient performance by counsel: (1) conceding in opening remarks that Appellant made certain sexually-charged statements to the female victims; (2) failing to prevent the Commonwealth's introduction of Pa.R.E. 404(b) evidence; and (3) neglecting to investigate or interview Commonwealth witnesses that could have established an alibi or supported an argument for severance of the cases. *See* Appellant's brief at 16-19. He avers in particular that trial counsel's concession that he asked three of the four victims "do you have hair on your pussy," constitutes ineffectiveness pursuant to *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), which precludes counsel from admitting guilt contrary to a defendant' wishes.[2] *See* Appellant's brief at 16. According to Appellant, counsel's collective errors prevented him from presenting a valid defense. *Id*. at 18.

_____

[2] In that case, the United States Supreme Court held that a criminal defendant "has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." *McCoy v. Louisiana*, 138 S.Ct. 1500, 1505 (2018).

In its Rule 1925(a) opinion, the PCRA court determined that *McCoy* was inapplicable to this matter since it was decided in 2018, whereas trial occurred in 2013. *See* PCRA Court Opinion, 5/4/22, at 6. The court reasoned that, pursuant to the appropriate standards under Pennsylvania law at the time, counsel had a reasonable basis to concede to the jurors that Appellant made this remark. *Id*. at 6-7. It noted that three unacquainted girls were going to testify that Appellant separately made the same exact statement to them, and that it would be extremely unlikely for a jury to disbelieve that testimony. *Id*. at 6. By conceding to the jury that Appellant made this comment to the girls, it could impute credibility to Appellant, which would aid in defending against the much more serious charges relating to his attempt to pull one of the victims into the vehicle. *Id*. at 7.

Additionally, the court found that the arguments concerning the Rule 404(b) evidence and alleged failure to investigate were wholly undeveloped in Appellant's PCRA petitions. *Id*. at 7-9. It stated that Appellant did not identify the bad act evidence to which counsel should have objected, and that, in fact, none was introduced at trial because the trial court denied the Commonwealth's request to introduce prior bad act evidence. *Id*. Additionally, Appellant neglected to discuss any particular witnesses that should have been investigated or how any of them would have led to the development of an alibi or helped to develop any basis for why the cases should have been severed. *Id*.

Upon review, we find that the court's determinations are "supported by the record evidence and free of legal error." **Johnson**, **supra** at 1156. Appellant's reliance on **McCoy** is misplaced, as that decision post-dated Appellant's trial and direct appeal by several years. Accordingly, its holding has no bearing on our analysis of trial counsel's performance. **See Commonwealth v. Colon**, 230 A.3d 368, 377 (Pa.Super. 2020) (stating that "counsel's stewardship must be judged under the existing law at the time of trial and counsel cannot be deemed ineffective for failing to predict future developments or changes in the law"). Considering the fact that Appellant faced a litany of serious felonies relating to his attempt to pull one of the victims into his car, it was a reasonable strategy for counsel to concede Appellant's statements to the girls in an effort to bolster his credibility. Moreover, we note that while trial counsel told the jury that Appellant inquired from the victims as to whether they had pubic hair, she did not admit that this satisfied the elements of any crimes charged or that Appellant was guilty. Thus, there is no arguable merit to Apellant's contention that counsel ran afoul the Supreme Court's ruling in **McCoy**.[3]

---

[3] As the Commonwealth posits, it is unlikely that **McCoy** can be so broadly interpreted as to provide Appellant relief in this situation, even had it been decided prior to his trial. **See** Commonwealth's brief at 12 n.8. In that case, counsel readily admitted to the jury that the defendant "committed three murders. . . . He's guilty." **McCoy v. Louisiana**, 138 S.Ct. 1500, 1505 (2018) (cleaned up). Thus, the attorney conceded that the elements of the crime were met, and that the defendant was culpable as charged. Further, this

*(Footnote Continued Next Page)*

The remainder of Appellant's claims of trial counsel ineffectiveness, concerning counsel's purported failure to challenge the introduction of Rule 404(b) evidence or to investigate witnesses, are either belied by the record or underdeveloped. In the PCRA petitions, Appellant does not identify any bad act evidence admitted against him at trial whatsoever, let alone that there was any basis to object to such evidence. Indeed, the trial court denied the Commonwealth's request to introduce prior bad act evidence.

Appellant also neglects to identify who counsel should have interviewed to support either an alibi defense or an argument that the four cases should have been severed. Appellant likewise discusses no particular evidence his trial attorney could have offered shedding light on either of these subjects. In the same vein, Appellant's brief does not list anyone who would proffer any testimony helpful to Appellant in this regard. As such, Appellant simply failed to prove the ineffectiveness of trial counsel and is not entitled to relief on this claim.

Next, we review Appellant's claims of ineffectiveness asserted against direct appeal counsel, which Appellant argues occurred when counsel failed to challenge on appeal: (1) the sufficiency and weight of the evidence; (2) the denial of a motion for judgment of acquittal on the unlawful restraint charge;

---

comment was made during the penalty phase of a death penalty case to convince the jury to impose life imprisonment. Here, counsel simply indicated the **fact** that Appellant made a statement to the female victims about pubic hair but did not acknowledge that these statements constituted a crime or Appellant's guilt.

and (3) the denial of Appellant's motion to dismiss filed pursuant to Pa.R.Crim.P. 600. **See** Appellant's brief at 19-22. He contends that counsel's direct appeal brief was so inadequate that it effectively foreclosed appellate review. **Id**. at 21. Notably, after initially identifying them, Appellant offers no further discussion in his petitions or brief concerning the motion for judgment of acquittal or his Rule 600 motion.

The PCRA court found that Appellant again failed to demonstrate ineffective assistance of counsel, noting that on direct appeal, counsel for Appellant did challenge the sufficiency of nearly every one of his convictions. **See** PCRA Court Opinion, 5/4/22, at 10. As such, it concluded that the claim had no arguable merit. **Id**. Further, it found that any argument that the verdicts were against the weight of the evidence would fail in light of the overwhelming evidence of guilt introduced at trial.[4] **Id**. It determined that there was no prejudice arising from the failure to challenge the denial of the motion for judgment of acquittal on appeal, since it is analyzed under the same basis as a sufficiency claim. **Id**. at 11. Finally, the court found that the argument concerning the Rule 600 motion was undeveloped, as Appellant did

_____

[4] The PCRA court listed the incriminating evidence as follows:

> [T]he victims[,] who unequivocally identified [Appellant] as the perpetrator; the binoculars, camera, and newspaper found in [Appellant]'s car; the fact that [Appellant] made the same lewd comment, verbatim, to three of the four victims who did not know each other; and the similarities of the time, place[,] and nature of the crimes.

PCRA Court Opinion, 5/4/22, at 10.

- 11 -

not discuss the motion or offer any argument as to why it was meritorious. *Id*. at 10.

Again, we find that the PCRA court's decision is supported by the record and discern no legal error. On direct appeal, Appellant challenged the sufficiency of the evidence to sustain his convictions for unlawful contact with a minor, luring a minor into a vehicle, simple assault, and corruption of minors. *See Walker I*, *supra* at 228-29 (Pa.Super. 2016). Consequently, there is no arguable merit to any claim that direct appeal counsel failed to preserve or raise these issues. The only charge not raised on direct appeal was the single count of unlawful restraint. However, in the PCRA petitions, Appellant provides no discussion concerning the elements of that crime or how any challenge to the sufficiency of that conviction would have been meritorious. He similarly does not discuss how he was prejudiced by the failure to challenge a motion for judgment of acquittal as to that charge, which is reviewed on appeal under the same standard as a sufficiency claim. *See Commonwealth v. Stahl*, 175 A.3d 301, 303-04 (Pa.Super. 2017) (stating that courts apply the standard of review concerning sufficiency claims to those that arise in the context of a challenge to the denial of a motion for judgment of acquittal). Accordingly, he cannot demonstrate how a failure to raise that issue on appeal prejudiced him.

Additionally, as the PCRA court highlighted, Appellant neglected to advance any meaningful discussion about any motion to dismiss pursuant to Rule 600 in his petitions, and he has likewise failed to do so in his brief to this

Court. Our review of the record indicates that such a motion was filed and denied, but Appellant does not connect the failure to argue the claim on appeal to deficient performance by counsel. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Jezzi*, 208 A.3d 1105, 1110 (Pa.Super. 2019) (citation omitted). The same inadequacy befalls his assertion that counsel should have argued that the verdicts were against the weight of the evidence on appeal. We are left to guess how such a claim would be meritorious. As such, Appellant has not overcome the presumption that direct appeal counsel was effective.

We next address Appellant's third claim, which challenges the performance of initial PCRA counsel. Appellant asserts that PCRA counsel did not participate in the proceedings and "essentially abandoned" Appellant by not filing a brief supporting the amended PCRA petitions. Appellant's brief at 23. He also avers that initial PCRA counsel did not communicate with Appellant throughout the process, sent him no copies of certain filings, and excluded from the petitions meritorious issues, such as trial counsel's concession during opening remarks, discussed above. *Id*.

The PCRA court, agreeing with an argument advanced by the Commonwealth below, found that this issue was moot. *See* PCRA Court Opinion, 5/4/22, at 11-12. It noted that when this Court remanded the case for further proceedings, we instructed subsequent PCRA counsel to review Appellant's claims and file any appropriate supplemental material. *Id*. The PCRA court appointed Appellant new counsel, who on remand complied with

- 13 -

this Court's directives, filing both a supplemental petition and memorandum of law. Therein, counsel raised the claims of ineffective assistance of counsel and constitutional violations presently before us. *Id*. at 12.

There is no legal error with the court's analysis. Any issues arising from initial PCRA counsel failing to send documents to Appellant or consult with him regarding his claims was remedied after we remanded these cases. Indeed, the whole purpose of remand was to ensure that Appellant had "meaningful appointment of counsel" for his first PCRA petition, and that his legitimate claims were considered. *Walker II*, *supra* at *5. His current PCRA counsel had the opportunity to review all issues, and in fact filed supplemental documents raising them. Appellant's argument is therefore moot and, accordingly, he has failed to prove the ineffectiveness of initial PCRA counsel.

In his fourth issue, Appellant maintains that the court erred in dismissing the petitions because there was "clear and convincing evidence" establishing violations of Appellant's rights under the Pennsylvania and United States constitutions "that so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place." Appellant's brief at 24. Bootstrapping to the claims of ineffective assistance of counsel addressed above, he states that "[t]he aforementioned constitutional violations, beyond establishing a basis to establish counsel's ineffectiveness,

constitute a basis for relief pursuant to [§] 9543(a)(2)(1)."[5]  *Id*.  He contends that "the testimony of Officer Reiser indicates that [A]ppellant was in police custody at the time of the alleged incident pertaining to complainant N.B."[6]  *Id*.  He additionally asserts that the Commonwealth failed to establish that the statements made by him to the child victims were "criminally lewd or obscene," essentially renewing a challenge to the sufficiency of the evidence to support the convictions arising therefrom.  *Id*.  Appellant then goes on to similarly attack the sufficiency of the evidence supporting his convictions for corruption of minors, unlawful restraint, and unlawful contact with minors.  *Id*. at 24-25.

Appellant has not convinced us that there were any constitutional errors at trial that "so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place."[7]  42 Pa.C.S. § 9543(a)(2)(i).  As has been discussed already, any constitutional right asserted by Appellant pursuant to *McCoy* does not entitle him to relief since

_____

[5] Additionally, Appellant identifies without any citation or discussion "Fifth Amendment, Sixth Amendment, and Due Process violations[.]"  Appellant's brief at 24.  Since he fails to develop these particular arguments, they are waived.

[6] Although it is not clear, it appears that Appellant intended to articulate the initials as K.B. instead of N.B.  No victim with the initials of N.B. testified at trial.

[7] We note that the PCRA court did not address this particular contention in its opinion.  Nonetheless, we may affirm the PCRA court's order on any basis supported by the record.  *See Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa.Super. 2022).

it was not decided until after his direct appeal. Appellant advances no reason, and we see none, to convince us that the rule in **McCoy** applies retroactively for purposes of determining a violation of constitutional rights.

Furthermore, Appellant's bald assertions that that the evidence was insufficient to sustain his convictions, without citation to relevant legal authority, constitutes waiver as to these issues. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1118 (Pa.Super. 2023) (stating "[w]here the appellant fails to develop an issue or cite legal authority, we will find waiver of that issue." (citation omitted)). Consequently, Appellant has not shown any reversible error on the part of the PCRA court as it pertains to this argument.

Appellant's final claim is that the court erred in denying the PCRA petitions without holding an evidentiary hearing. **See** Appellant's brief at 25. He contends that the issues raised in the petitions were "legitimate, based on fact and supported by legal precedent." **Id**.

It is well-settled that there is no absolute right to an evidentiary hearing on a PCRA petition. **See Commonwealth v. Hill**, 202 A.3d 792, 797 (Pa.Super. 2019). Moreover, "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Commonwealth v. Brown**, 196 A.3d 130, 193 (Pa. 2018) (cleaned up).

Based on our discussion above, we find that the PCRA court did not abuse its discretion in denying the underlying petitions without a hearing. Appellant presented no issues of fact requiring a hearing for resolution. Indeed, all of his arguments as stated were capable of being fully addressed on the record developed in these matters.

As none of Appellant's issues on appeal is meritorious, we have no cause to disturb the orders dismissing his PCRA petitions.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2023